**327 P.2d 260**

**Annie B. EVANS, as Administratrix of the Estate of William H. Evans, deceased, otherwise known as William Evans, deceased, Plaintiff and Respondent,**

**v.**

**Morgan EVANS, Defendant and Appellant.**

**No. 8802.**

Supreme Court of Utah.

July 8, 1958.

Patrick H. Fenton, Cedar City, for appellant.

Durham Morris, Cedar City, for respondent.

WADE, Justice.

Annie B. Evans, as Administratrix of the Estate of William H. Evans, deceased, brought this suit to recover a one-half interest in certain cattle branded $\overline{44}$ and for an accounting and payment for part of such cattle sold by Morgan Evans, defendant and appellant herein, since the death of William H. Evans. This appeal is from a judgment upon a jury verdict in favor of the plaintiff, respondent herein.

At the trial respondent's attorney introduced in evidence certain exhibits of which he had become cognizant by virtue of his employment by William H. Evans and Morgan Evans to represent them in a dispute between them and a third party involving a lease and cattle branded $\overline{44}$. This dispute was settled by the agreement of all the parties whereby the third party was to make periodical payments to the attorney for the benefit of William H. and Morgan Evans. At the time of the trial there was left one payment which had not yet become due, to be collected and paid over by this attorney. Appellant contends that because of this an attorney-client relationship still existed between himself and respondent's attorney, and the court, after being apprised of this relationship, therefore committed prejudicial error in allowing this attorney to appear as an advocate in behalf of the opponent of one of his clients and to introduce the exhibits he obtained during such relationship.

Appellant concedes that the evidence would have been admissible had respondent's attorney been subpoenaed to give it, but because it was volunteered while that attorney was acting as an advocate in the suit, it was a violation of appellant's rights

28

to have his confidences remain inviolate and therefore should not have been admitted.

■■■■ There is no merit to such contention. As this court has said in Anderson v. Thomas, 108 Utah 252, on page 262, 159 P.2d 142, 147, on page 147: "* * * The mere fact that the relationship of attorney and client exists between two individuals does not ipso facto make all communications between them confidential. As noted in Wigmore on Evidence, Section 2311,

" 'No express request for secrecy, to be sure, is necessary; but the mere relation of attorney and client does not raise a presumption of confidentiality, and the circumstances are to indicate whether by implication the communication was of a sort intended to be confidential. These circumstances will of course vary in individual cases, and the ruling must therefore depend much on the case in hand.' "

In the instant case the exhibits were acquired and pertained to a matter in which both appellant and respondent's decedent had a common interest and the information was divulged to the attorney for the common interest of both. Under such circumstances the communications were not confidential, because knowledge of them was equally shared by the parties and their attorney, and from the nature of the communications, they were not intended to be regarded as confidential. As stated in 58 Am.Jur. Sec. 496, page 277:

"When two or more persons employ or consult the same attorney in the same matter, communications made by them in relation thereto are not privileged inter sese. By selecting the same attorney, each party waives his right to place those communications under the shield of professional confidence. Either party may introduce testimony concerning the same as against the other, or his heirs or representatives. The reason assigned for the rule is that, as between the clients, communications made for the mutual benefit of all lack the element of confidentiality which is the basis of privileged communications. Ordinarily, the attorney for both parties is not the depositary of confidential communications from either party which ought to be withheld from the other. And this is usually the case even though the parties have adverse interests. The general rule is, of course, of particular weight as to communications made while all clients are present. Thus, if two or more persons consult an attorney at law for their mutual benefit, and make statements in his presence, he may disclose those statements in any controversy between them or their personal representatives or successors in interest. * * *"

The exhibits having been obtained by the attorney under circumstances which did not make them inadmissible, the fact that the attorney was the advocate of the opponent of his client did not make it error to admit them in evidence.

■ Appellant further contends that the court erred in allowing a witness fee and mileage for J. Pratt Allred because he was an unnecessary witness. Mr. Allred, as the District Range Manager of the Bureau of Land Management, testified about and identified applications and licenses for joint grazing rights for 20 head of cattle. Appellant in his answer admitted that he and respondent's decedent owned joint grazing rights for 20 head of cattle. Mr. Allred's testimony and the exhibits merely confirmed that admission. There was no showing that he had any personal knowledge as to the ownership of 44 cattle which was in dispute in this action. He was clearly an unnecessary witness and the court should not have allowed respondent his witness fee and mileage in view of appellant's admission in his pleadings of all the facts to which Mr. Allred testified.

Affirmed, except as to part of the costs below. Each party to bear his own costs of this appeal.

McDONOUGH, C. J., and CROCKETT, WORTHEN, and HENRIOD, JJ., concur.