745 P.2d 962

**COVENTRY HOMES, INC., an Arizona corporation, Plaintiff Counter-defendant-Appellant,**

v.

**SCOTTSCOM PARTNERSHIP, an Arizona general partnership, Defendant Cross-Defendant Counter-claimant-Appellee.**

No. 1 CA–CIV 9209.

Court of Appeals of Arizona, Division 1, Department C.

July 14, 1987.

Review Denied Oct. 14, 1987.

Winston & Strawn by Robert P. Simbro, Phoenix, for plaintiff counter-defendant-appellant.

Campana, Vieh & Strohm, P.C. by William F. Shore III, Scottsdale, for defendant cross-defendant counter-claimant-appellee.

OPINION

CONTRERAS, Judge.

On this appeal from summary judgment the primary issue is whether Coventry Homes, Inc. (Coventry) violated A.R.S. § 33–420(A) as a matter of law by recording a lis pendens against certain real property owned by Scottscom Partnership (Scottscom). We conclude that although Scottscom established that the lis pendens was groundless, there are genuine issues of material fact concerning whether Coventry "knew" or "should have known" that the lis pendens was groundless. The existence of these issues precludes summary judgment. Accordingly, we reverse and

remand this matter for further proceedings.

In 1983 Coventry entered into a written agreement with R.M. Properties (R.M.) whereby Coventry agreed to assist R.M. in the development of a parcel of real property owned by R.M. In exchange for a management fee, Coventry agreed to perform various services including negotiating an acquisition and development loan, re-engineering the site, bidding and overseeing the installation of site improvements and marketing. In addition to a fixed $50,000 management fee, Coventry was to receive an additional fee upon the sale of the property. The original written agreement was amended twice during 1984 by letter agreement.

On January 28, 1985, R.M. entered into an escrow agreement to sell the improved real property to Scottscom for $4,815,000. Richard Campana, Esq., one of the partners in Scottscom, had represented R.M. in its dealings with Coventry. Coventry and R.M. disputed the amount of money owed to Coventry pursuant to their management agreement. Campana informed Coventry that R.M. and Scottscom anticipated closing the sale of the real property on March 15, 1985 and suggested that $50,000 be placed in an escrow account pending a resolution of their dispute. Coventry refused to do so.

In early March, Coventry mailed a letter to Scottscom Partnership and R.M. and their escrow agent giving notice of its claim to: (1) $50,000 as a management fee and (2) an additional 2.5% fee on the sale of property to the extent that the gross sales price exceeded $4,440,000. Shortly thereafter, Coventry recorded a Notice and Claim of Mechanic's and Materialmen's Lien pursuant to A.R.S. § 33–981, *et seq.*, against R.M.'s real property. The amount claimed was $60,010.

On March 13, 1985, R.M. recorded a statutory discharge of lien bond pursuant to A.R.S. § 33–1004, in the amount of 1½ times the amount claimed in the mechanic's lien filed by Coventry, *i.e.,* $90,015. Thus, Coventry's claim of $60,010 pursuant to its mechanic's lien was fully secured. That same day, Scottscom and R.M. closed escrow and Scottscom recorded its warranty deed to the property. Also on that same day, Coventry filed a complaint naming R.M. as defendant. The complaint sought damages for anticipatory breach of contract and asked that an equitable lien be imposed on the property.

The following day Coventry recorded a notice of lis pendens pursuant to A.R.S. § 12–1191. After discovering that the ownership of the real property had been transferred to Scottscom, Coventry amended its complaint to add Scottscom as a defendant. The amended complaint sought breach of contract damages against R.M., foreclosure of its mechanic's lien and foreclosure of an equitable lien.

Scottscom answered the amended complaint, filed a cross-claim against R.M., filed a counterclaim against Coventry for damages pursuant to A.R.S. § 33–420(A), and petitioned the court for an order to show cause why the lis pendens should not be removed. After the hearing on the order to show cause, the trial judge ordered that the lis pendens be removed. Coventry immediately recorded a release of the Lis Pendens. Coventry and R.M. settled their underlying contractual dispute and, upon the parties' stipulation, the court dismissed their claims against one another with prejudice.

Scottscom moved for summary judgment on its claim against Coventry for damages allegedly caused by the recording of the notice of lis pendens. Coventry opposed the motion for summary judgment and filed a cross-motion for summary judgment. The trial court entered judgment in favor of Scottscom as to liability but declined to grant summary judgment as to damages. The judgment contained Rule 54(b) language. Coventry filed a timely notice of appeal from the judgment.

A.R.S. § 33–420(A) provides:

A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that

the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording or filing, whichever is greater, and reasonable attorney fees and costs of the action.

This statute has been held applicable to the improper recording of notices of lis pendens. *Richey v. Western Pacific*, 140 Ariz. 597, 684 P.2d 169 (App.1984). *Accord Janis v. Spelts*, 153 Ariz. 593, 739 P.2d 814 (App.1987).

■ The recording of notices of lis pendens is authorized by A.R.S. § 12–1191, which allows such recordings to give notice to the world of the pendency of an action "affecting title to real property." A.R.S. § 12–1191(A). At common law, the recording of such notices, as adjuncts of judicial proceedings, was absolutely privileged. *Kelly v. Perry*, 111 Ariz. 382, 384, 531 P.2d 139, 141 (1975) (citing *Stewart v. Fahey*, 14 Ariz.App. 149, 481 P.2d 519 (1971)). Coventry urges that any interpretation of A.R.S. § 33–420(A) should narrow its application because it is in derogation of the common law. *See Jones v. Manhart*, 120 Ariz. 338, 340, 585 P.2d 1250, 1252 (App.1978). It asks us to reject the holding of Division Two in *Richey v. Western Pacific*, and find that A.R.S. § 33–420(A) is inapplicable to the filing of a notice of lis pendens. We decline to do so on the basis that *Richey* correctly states the law in Arizona.

A notice of lis pendens is a statement that a party is claiming an interest in real property which would affect the title. In *Richey v. Western Pacific*, the court concluded that the legislature intended to include such a document in A.R.S. § 33–420. We agree. As the court stated, "were this not the rule, a groundless lis pendens could be filed with impunity in a simple money judgment action, or in any action where title to property is not actually affected. We believe the statute encompasses and proscribes such abuse." 140 Ariz. at 601, 684 P.2d at 173.

Coventry next argues that assuming A.R.S. § 33–420(A) is applicable to the recording of notices of lis pendens, Scottscom failed to establish that Coventry had violated the statute under the circumstances of this case. It argues that Scottscom failed to establish that (1) the lis pendens was groundless and (2) that Coventry knew or had reason to know that the notice was groundless. Coventry contends that the issue under A.R.S. § 33–420(A) is whether the lis pendens is facially groundless, not whether the underlying claim is groundless. Thus, it contends that if the notice refers to an action which, if successful, would affect title to real property, the notice is not groundless.

Scottscom argues that Coventry merely had a contractual claim against R.M. Properties. It points out that nothing in the parties' written contract indicated that the real property was to be security for R.M.'s obligation to Coventry. Further, it points out that at the time the lis pendens was recorded, the real property in question was owned by Scottscom, which had no contractual relationship with Coventry. It argues that Coventry simply used the lis pendens as a mechanism to pressure R.M. to pay a management fee and commission.

■ It is well established that a lis pendens may not be predicated on an action or suit for a money judgment but applies only to an action or suit which directly affects the title to real property. *See generally* 8 *Thompson on Real Property* § 4308 (1963). A lis pendens is void if it is filed in an action which does not affect title of real property and is not authorized by the statute. *Mammoth Cave Production Credit Assoc. v. Gross*, 141 Ariz. 389, 392, 687 P.2d 397, 400 (App.1984).

■ We must first decide whether a claim to impose an equitable lien on real property is an action affecting the title of real property for purposes of A.R.S. § 12–1191. We find no Arizona cases addressing this precise issue. However, in *Tucson Estates Inc. v. Superior Court*, 151 Ariz. 600, 729 P.2d 954 (Ariz.Ct.App. 1986), the court discussed the history and

purposes of A.R.S. § 12–1191 and concluded that the statute should not be limited to actions directly affecting a fee simple title to real property. The court construed the statute to permit the filing of a notice of lis pendens in an action involving the adjudication of rights incident to title to real property. 153 Ariz. at 597, 739 P.2d at 818. Applying this construction, the court found that a notice of lis pendens was properly filed by parties seeking a declaration of an implied restrictive covenant on certain individual lots whose owners would thereby be entitled to use a golf course.

A.R.S. § 12–1191 was taken in part from § 409 of the California Code of Civil Procedure. Therefore, California rulings on its lis pendens legislation are persuasive. *Teed v. Ridco Realty, Inc.*, 134 Ariz. 258, 262, 655 P.2d 798, 802 (App.1982). California courts have held on several occasions that a complaint which seeks to impose a constructive trust on real property is an action affecting title to or possession of real property. *Coppinger v. Superior Court*, 134 Cal.App.3d 883, 892, 185 Cal. Rptr. 24, 29 (1982). *See also Moseley v. Superior Court*, 177 Cal.App.3d 672, 223 Cal.Rptr. 116 (1986); *Biddle v. Superior Court*, 170 Cal.App.3d 135, 215 Cal.Rptr. 848 (1985).

In *Janis v. Spelts*, Division Two of this court held that attorney's fees were mandatory pursuant to A.R.S. § 33–420 to a party who prevailed in establishing that a notice of lis pendens was wrongfully recorded in an action involving a constructive trust. 153 Ariz. at 598, 739 P.2d at 819. The court did not discuss whether the action seeking the constructive trust "affected the title to real property." Rather, it upheld the finding of a wrongful lis pendens because of the lack of merit in the underlying claim for the imposition of the constructive trust.

An equitable lien is a right over real property constituting an encumbrance, so that the real property itself may be proceeded against in an equitable action and either sold or sequestered upon proof of a contract out of which the lien could grow or of a duty on the part of the holder so as to give the other party a charge or a lien on it. *Wolfswinkel v. Superior Court*, 145 Ariz. 154, 156, 700 P.2d 852, 854 (App. 1984). An equitable lien, when imposed to prevent unjust enrichment, is a special form of a constructive trust. *See generally* D. Dobbs, *Handbook on the Law of Remedies* § 4.3, at 249 (1973). Were Coventry successful in obtaining an equitable lien on the real property purchased by Scottscom, it is obvious that Scottscom's rights incident to its title to the real property would have been affected. We conclude that an action to impose an equitable lien on real property is an action affecting title to that property. However, this does not end our inquiry for purposes of determining whether recording a notice of lis pendens in such an action is groundless.

■ Coventry has suggested that a court may look no further than the action on its face to determine whether a lis pendens is groundless for purposes of A.R.S. § 33–420. It argues that if the action has the potential to affect title to real property, the lis pendens cannot be considered groundless. We disagree. We find that neither the purposes of A.R.S. § 12–1191 nor A.R.S. § 33–420 would be served by permitting parties to record a notice of lis pendens to recover a debt merely by characterizing the action as one seeking a constructive trust or equitable lien. There must be some basis for concluding that an equitable lien or constructive trust would be imposed on the real property subject to the notice of lis pendens. *Cf. Janis v. Spelts.*

Based on the record in this case, the trial court could properly have interpreted the agreement between Coventry and R.M. to find that there was no intention that this real property was to be used as security for payment of R.M.'s contractual obligations to Coventry. Similarly, there was no relationship between Coventry and Scottscom concerning the real property. The trial court concluded that there was no basis for the lis pendens following the order to show cause hearing. The court ordered the immediate release of the lis pendens. No appeal was taken from that decision. Therefore, in the subsequent summa-

ry judgment proceedings, the trial court could properly have determined, as a matter of law, that Scottscom established the first requirement of A.R.S. § 33–420, *i.e.,* that the filing of a notice of lis pendens under the circumstances of this case was groundless.

■ However, in accordance with A.R.S. § 33–420(A), Scottscom was also required to establish that Coventry knew or had reason to know that its filing of the notice was groundless. A.R.S. § 33–420 does not define the terms "know" or "reason to know." However, "reason to know" is a commonly used term in tort litigation. The Restatement (Second) of Torts § 12(1) (1965) provides:

> The words 'reason to know' are used throughout the Restatement of this Subject to denote the fact that the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists.

Comment a continues:

> ... 'Reason to know' means that the actor has knowledge of facts from which a reasonable man of ordinary intelligence or one of the superior intelligence of the actor would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist.

We find that these definitions may appropriately be applied to A.R.S. § 33–420. Whether a party has "reason to know" must, of course, be determined from the circumstances on a case-by-case basis.

On appeal from summary judgment this court must view the evidence in a light most favorable to the party against whom judgment was taken. *Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 388, 710 P.2d 1025, 1043 (1985). We have reviewed the record and, while we find substantial evidence in the record from which the trial court could find that Coventry should have known the lis pendens was groundless, we must state in all candor that there is evidence from which contrary inferences can be drawn. For example, the affidavit of Joseph Contadino, president of Coventry Homes, stated his subjective belief that the lis pendens had merit. There is also some evidence that gives support to Coventry's asserted belief that Richard Campana's dual role in representing R.M. and acting as a principal in Scottscom would entitle Coventry to claim an equitable lien on Scottscom's property. The foregoing, although not all inclusive, demonstrates the existence of genuine issues of material fact concerning whether Coventry "knew" or "should have known" that the lis pendens was groundless. Thus, summary judgment was inappropriate on this issue. *Ruiz v. Otis Elevator,* 146 Ariz. 98, 100, 703 P.2d 1247, 1249 (App.1985).

Coventry has requested attorneys fees on appeal pursuant to A.R.S. § 12–341.01(A) and Rule 21, Arizona Rules of Civil Appellate Procedure. In the exercise of our discretion, we deny Coventry's request for attorney's fees.

This matter is reversed and remanded to the trial court for proceedings in accordance with this opinion.

SHELLEY, P.J., and CORCORAN, J., concur.