**James H. BUSCH, Plaintiff,**

v.

**James DOYLE, Defendant.**

**Civ. No. 90–C–704B.**

United States District Court, D. Utah, C.D.

April 10, 1992.

David E. Leta, Stephen R. Cochell, Salt Lake City, Utah, for plaintiff and counter-defendant.

Jesse C. Trentadue, Gerald H. Kinghorn, Salt Lake City, Utah, for counter-claimant.

Jesse C. Trentadue, John D. O'Connell, Gregory L. Probst, Harriet E. Styler, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

BENSON, District Judge.

On April 3, 1992, the court heard oral argument on several pending matters: (1) plaintiff James H. Busch's Motion to Dismiss Counts 4, 7, and 8 Without Prejudice; (2) defendant James Doyle's Motion for Voluntary Dismissal of Counterclaim; (3) plaintiff's Motion for Partial Summary Judgment; (4) defendant's Motion for Partial Summary Judgment; (5) plaintiff's Cross Motion for Summary Judgment; (6) plaintiff's Motion for Default Judgment;

(7) defendant's Motion for an Order to Release Lis Pendens; and (8) defendant's Objections to Magistrate Order Denying Motion in Limine. Stephen R. Cochell represented the plaintiff, James H. Busch. Gregory L. Probst, Gerald H. Kinghorn, and John D. O'Connell represented the defendant, James Doyle.

Having reviewed the memoranda submitted by the parties, having heard oral argument from counsel, being fully apprised, and for good cause appearing, the court makes the following findings and enters the following MEMORANDUM DECISION and ORDER:

### Background

This case involves a dispute over an oral contract for employment. James Doyle ("defendant") was involved in a joint venture with RWR Investments, Inc., for the purpose of developing land adjacent to a golf course in southern Utah. He contacted James Busch ("plaintiff"), the marketing director of a golf club in Florida, and sought his help in the development of the land. The parties allegedly entered into an oral employment contract. In February, 1989, plaintiff moved to Utah and began his employment.

Over the next several months, defendant made several cash payments to plaintiff. In May, 1989, defendant borrowed $30,000 from plaintiff. He later executed a promissory note in that amount. In 1990, a disagreement arose as to the amount of money owed to plaintiff as compensation for his services.

In July, 1990, plaintiff joined with other creditors in filing an involuntary petition of bankruptcy against defendant. *In re James Doyle*, Bankruptcy No. 90–C–4082. Defendant opposed the petition, arguing that it had been filed in bad faith. The petition was dismissed pursuant to a Stipulation for Dismissal, dated July 27, 1990.

Soon thereafter, plaintiff initiated the present litigation. Plaintiff alleges that defendant breached a contract to pay monthly compensation as well as five percent of the gross profits received from the sale or exchange of the land. The Complaint seeks an accounting and the imposition of a constructive trust. The Complaint also seeks recovery for breach of the promissory note. Defendant responded to the Complaint by filing a Counterclaim against plaintiff.

Pursuant to this dispute, several motions are now pending before the court:

1. Plaintiff's Motion to Dismiss Counts 4, 7, and 8

Plaintiff has filed a motion to dismiss counts 4, 7, and 8 of the Complaint without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Defendant has filed no opposition to this motion. Accordingly,

IT IS ORDERED that plaintiff's Motion to Dismiss is GRANTED. Counts 4, 7, and 8 of the Complaint are dismissed without prejudice.

2. Defendant's Motion for Voluntary Dismissal of Counterclaim

■ Defendant seeks to voluntarily dismiss his Counterclaim, pursuant to Rule 41(c) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion, arguing that defendant's motion to dismiss is an attempt to avoid sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff argues that the Counterclaim is prohibited by the settlement stipulation signed by the parties in the bankruptcy proceeding. Pursuant to the stipulation, defendant agreed that he would "not seek nor make any claim against [plaintiff] in connection with the filing of the Involuntary Petition." Plaintiff asserts that the allegations in the Counterclaim are identical to the claims prohibited by the bankruptcy stipulation. Accordingly, plaintiff asks the court to impose Rule 11 sanctions against defendant.

The court finds, however, that Rule 11 sanctions are not appropriate in this case. The scope of the bankruptcy settlement agreement and the extent to which it prohibits subsequent claims is an unsettled matter. Furthermore, many of the allegations in the Counterclaim are unrelated to the settlement agreement. It has not been

demonstrated that the Counterclaim was filed in bad faith or in violation of Rule 11. Thus, defendant's motion to voluntarily dismiss the counterclaim was not an attempt to avoid Rule 11 sanctions. Accordingly,

IT IS ORDERED that, pursuant to Rule 41(c) of the Federal Rules of Civil Procedure, defendant's Motion for Voluntary Dismissal of Counterclaim is GRANTED. Defendant's counterclaim is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's request for Rule 11 sanctions is DENIED.

### 3. Plaintiff's Motion for Partial Summary Judgment

As stated above, defendant's Counterclaim has been dismissed with prejudice. Plaintiff's motion for summary judgment on those claims is therefore moot. Accordingly,

IT IS ORDERED that plaintiff's Motion for Partial Summary Judgment on the Counterclaim is dismissed.

### 4. Defendant's Motion for Partial Summary Judgment

■ Defendant seeks summary judgment on plaintiff's first cause of action— breach of contract on the promissory note. Under the note, defendant was obligated to pay $30,000 plus interest to plaintiff. It is undisputed that plaintiff has received payments from the defendant well in excess of $30,000. Thus, defendant argues that he has not breached his obligations under the promissory note and is entitled to a grant of summary judgment on that claim.

Plaintiff argues, however, that the payments made by defendant were intended to pay off other obligations. He asserts that the money he has received from the defendant represents only partial repayment of the note.

The court finds that there exists a genuine issue as to material facts on this issue. The question whether the payments received by plaintiff represent a total or partial repayment of the promissory note is an issue which must be resolved by the trier of fact at trial. Accordingly,

IT IS ORDERED that defendant's Motion for Partial Summary Judgment on the first cause of action is DENIED.

### 5. Plaintiff's Cross Motion for Summary Judgment

■ When the promissory note came due, defendant failed to tender payment directly to plaintiff. Instead, he deposited the money with the registry of the Clerk of Court, pursuant to litigation between defendant and RWR Investments, Inc. *RWR Investments, Inc. v. James Doyle,* Civil No. 89–C–816S. Plaintiff argues that it was improper to deposit the payment with the court because the promissory note was not related to the RWR litigation. It is argued that because defendant failed to tender payment directly, plaintiff was required to obtain counsel to collect on the note, which resulted in unnecessary expense and delay.

The promissory note contains the following clause:

> The obligor further agrees that if this note shall be placed in the hands of an attorney for collection, he will pay reasonable attorney's fees as well as legal costs and disbursements.

Plaintiff argues that under this provision he is entitled to recover the attorney's fees and expenses incurred in obtaining the money from the clerk of court.

Defendant argues that depositing the funds with the court was sufficient to make the funds available to plaintiff. He asserts that plaintiff could have obtained payment from the court without incurring attorney's fees. Plaintiff himself, it is argued, is responsible for the delay in disbursement of the funds.

The court finds that there exists a genuine issue as to material facts on this subject. Whether it was necessary for plaintiff to place the note in the hands of an attorney for collection, the reasonableness of the attorney's fee, and the possible failure of plaintiff to mitigate damages are all material issues of fact which must be decided at trial. Accordingly,

IT IS ORDERED that plaintiff's Cross Motion for Summary Judgment is DENIED.

### 6. Plaintiff's Motion for Default Judgment

█ Plaintiff alleges that defendant should be sanctioned for failure to comply with court-ordered discovery. Specifically, it is alleged that defendant failed to provide complete answers to interrogatories and failed to provide a list of trial exhibits. Plaintiff moves the court to impose default judgment or some lesser sanction upon defendant pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

The court, however, finds that the conduct of defendant is not sufficient to warrant discovery sanctions. Because of the dismissal of defendant's counterclaim, much of the disputed discovery is no longer relevant. Furthermore, the court finds that plaintiff has suffered no prejudice. Accordingly,

IT IS ORDERED that plaintiff's Motion for Default Judgment is DENIED.

### 7. Defendant's Motion for an Order to Release Lis Pendens

█ Utah Code Ann. § 78–40–2 (1992) allows for the filing of lis pendens "[i]n any action affecting the title to, or the right of possession of, real property." Pursuant to this statute, plaintiff filed a notice of lis pendens on a parcel of land owned by defendant.

Defendant has filed a motion to release the lis pendens, arguing that the present litigation affects neither the title to nor the right of possession of real property. He asserts that a suit for monetary damages does not allow for a filing of lis pendens.

Plaintiff argues that the litigation is sufficient to allow for a lis pendens filing under the statute. The Complaint alleges that plaintiff is entitled to five percent of the gross profits realized from the sale or exchange of the land. It seeks an accounting and the imposition of a constructive trust on those profits. Plaintiff maintains that because he claims a share of the proceeds from the sale of the property, his suit affects the rights of possession and title. Furthermore, he argues that defendant's actions give rise to an equitable lien upon the property.

The court, however, finds that the filing of lis pendens was improper in this case. Plaintiff did not allege the existence of an equitable lien in his Complaint. The Complaint seeks monetary damages only. Utah law does not allow for the filing of lis pendens in cases seeking a money judgment. *See Hamilton v. Smith*, 808 F.2d 36 (10th Cir.1986). A claim for a share of the proceeds from the sale of land, when and if the land is sold, does not affect the title to nor right of possession of the land. Accordingly,

IT IS ORDERED that defendant's Motion for an Order to Release Lis Pendens is GRANTED.

### 8. Defendant's Objections to Magistrate Judge's Order Denying Motion in Limine

Defendant seeks to exclude from evidence various communications made between defendant and his attorney. Pursuant to defendant's litigation with a third party, defendant exchanged various documents with his attorney. Plaintiff, as an agent of defendant working in defendant's offices, had access to these documents. He now seeks to use this information as evidence in the present litigation.

Defendant filed a Motion in Limine to exclude the evidence, arguing that the information is protected under the attorney-client privilege. The motion was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). The matter was fully briefed and argued before the magistrate judge. The magistrate judge held that a party invoking the attorney-client privilege must establish as a threshold requirement an intent to keep the information confidential. He found that defendant and his attorney did not intend to keep the information confidential from plaintiff. Accordingly, the Motion in Limine was denied.

█ Defendant made a timely filing of Objections to the magistrate judge's Order,

pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Under this rule, the district court shall consider objections and set aside any portion of the order which is found to be "clearly erroneous" or "contrary to law."

Defendant first argues that the magistrate judge improperly applied the common interest rule of *Evans v. Evans,* 8 Utah 2d 26, 327 P.2d 260 (1958). He asserts that *Evans* applies only to those cases where there has been previous joint representation by a single attorney. In the present case, no attorney-client relationship existed between plaintiff and defendant's attorney. Thus, it is argued, the magistrate judge incorrectly applied *Evans* to the facts of this case.

The court, however, disagrees with defendant's arguments. Defendant has misinterpreted the magistrate judge's ruling. The magistrate judge did not hold that *Evans* is controlling in the present case. He merely stated that the reasoning of *Evans* is applicable. There, the court found that where communications were not intended to be confidential, the attorney-client privilege could not be invoked to exclude those communications. Quoting from *Anderson v. Thomas,* 108 Utah 252, 159 P.2d 142, 147 (1945), the *Evans* court stated:

> The mere fact that the relationship of attorney and client exists between two individuals does not ipso facto make all communications between them confidential. As noted in Wigmore on Evidence,
> . . .
> "the circumstances are to indicate whether by implication the communication was of a sort intended to be confidential."

*Evans,* 327 P.2d at 261. Thus, courts must look at the circumstances to determine whether there was an intent to keep the attorney-client communications confidential. No privilege exists without an intent of confidentiality.

In *Evans,* the court found that where the parties were jointly represented by counsel, there was no intent to keep the communications confidential. Similarly, the magistrate found that under the circumstances of the present case, there was no intent to keep the communications confidential from plaintiff.

Defendant next argues that there is an exception to the requirement of intent when an agency relationship exists. He asserts that an employer may invoke the privilege against his agent, even if there was no intent to keep the communication confidential from the agent. The attorney-client privilege, it is argued, universally prevents former employees from using attorney-client communications as evidence against their employer.

Defendant cites to *Blankenship v. Rowntree,* 219 F.2d 597 (10th Cir.1955) to support this proposition. There, a memorandum was given to an employee to be sent to the employer's attorney. The employee sought to use the memorandum as evidence in subsequent litigation between the employer and employee. The court refused to allow the evidence, finding that it was a confidential communication subject to the attorney-client privilege.

Although the facts of *Blankenship* are somewhat similar to the present case, there is one significant difference between the two cases. In the present case, the magistrate made a finding that neither defendant nor his attorney intended the communications to be confidential as to the plaintiff. In *Blankenship,* no such finding was made. In fact, the court found that the memorandum was privileged as a "confidential" communication between the attorney and the employer. *Blankenship,* 219 F.2d at 599.

Defendant himself stated that in *Blankenship,* "[t]he court found that the document was intended to be a confidential attorney-client privileged document...." *See* Defendant's Memorandum in Support of Objections to Order on Motion in Limine by Magistrate Judge, at 6. This contrasts with the present case where the magistrate judge found just the opposite. Accordingly, *Blankenship* does not support the proposition that intent of confidentiality is not required when invoking the attorney-client privilege against a former employee.

438

Under Utah law, communications obtained by certain agents of the attorney are privileged. *See* Utah Code Ann. § 78–24–8(2) (1992). However, the court is aware of no statute extending this privilege to agents of the client.

■ The court finds that the existence of an agency relationship does not override the general requirement of intent of confidentiality. There is no universal privilege against evidence obtained by former employees. *Blankenship* does not stand for that proposition. The other cases cited by defendant are not persuasive, and are not binding in this jurisdiction.

Thus, it cannot be said that the magistrate judge's ruling was contrary to law. When there has been no intent to keep a communication confidential from a third party, the communication is not privileged as to that party. Denial of the Motion of Limine, therefore, was proper. Accordingly,

IT IS ORDERED that defendant's objections to the magistrate judge's Order denying motion in limine are overruled. The Order of the magistrate judge is AFFIRMED and ADOPTED by the Court.