Stephen DARR, in his capacity as Trustee of Columbus Mortgage & Loan Corporation of Rhode Island, Inc., Plaintiff,

v.

Joseph R. MURATORE, Sr., Individually and as General Partner of Shawomet Holding Associates, Rose E. Muratore, Muratore Agency, Inc., Muratore Realty Corp., Shawomet Holding Associates, Defendants.

Civ. A. No. 92–0191L.

United States District Court, D. Rhode Island.

Aug. 25, 1992.

John P. Gyorgy, Joseph Avanzato, Adler Pollock & Sheehan Inc., Providence, R.I., for plaintiff.

Richard W. MacAdams, Richard L. Gemma, MacAdams & Wieck, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on defendants' motion to quash and remove the notices of lis pendens filed by a creditors' committee and adopted by plaintiff on thirty-nine parcels of real estate. For the reasons that follow, the Court denies defendants' motion.

## I. BACKGROUND

Columbus Mortgage & Loan Corporation of Rhode Island, Inc. ("Columbus Mortgage") is an insolvent corporation licensed by the State to act as a primary and secondary mortgage lender. Columbus Mortgage filed for bankruptcy on February 15, 1991. Plaintiff Stephen Darr was appointed the Trustee in bankruptcy ("Trustee") of Columbus Mortgage on December 23, 1991.

Defendant Joseph R. Muratore, Sr. ("Muratore") is a shareholder, director, president, treasurer, and executive officer of Columbus Mortgage. Muratore is also a shareholder, director, and officer of Muratore Agency, Inc. ("Muratore Agency") and Muratore Realty Corp. ("Muratore Realty"), and a general partner of Shawomet Holding Association ("Shawomet Holding"). Rose E. Muratore, Muratore's wife, is a shareholder in Columbus Mortgage, Muratore Agency, and Muratore Realty. She is also a director and secretary-treasurer of Columbus Mortgage, an officer and director of Muratore Agency and Muratore Realty, and a partner in Shawomet Holding.

The Trustee asserts that Muratore Agency, Muratore Realty, and Shawomet Holding ("the affiliated entities"), and Columbus Mortgage were the alter egos of Muratore, with virtually all of their business affairs controlled by him. They shared common ownership, employees, premises, phone lines, fax numbers, and equipment. Their assets were commingled, and few corporate formalities existed to establish them as independent entities.

The Trustee further asserts that Muratore, having had nearly absolute control over Columbus Mortgage, transferred at least two million dollars from Columbus Mortgage to himself, his wife, the affiliated entities, and their creditors. These were essentially unsecured loans, not evidenced by promissory notes or any other documentation. Muratore used the funds to acquire and maintain real estate and other assets held by defendants. Accordingly, the Trustee brought suit[1] to impose a constructive trust on the property standing in the name of various defendants, and ratified the notices of lis pendens filed by the creditors' committee to preserve the interests of Columbus Mortgage pending the outcome of the litigation.

Defendants present two separate grounds in support of quashing and removing the notices of lis pendens. First, defendants claim that the Rhode Island lis pendens statute, R.I.Gen.Laws § 9-4-9 (West Supp.1991), has been misused and that this action is an attempt to obtain the equivalent of an ex parte prejudgment attachment on real property. Second, defendants argue that the Rhode Island lis pendens statute is invalid because it lacks constitutional safeguards mandated by the due process clauses of the United States and Rhode Island Constitutions.

After having heard arguments on the motion, the Court took the matter under

---

1. This action was originally commenced in Bankruptcy Court by a creditors' committee of Columbus Mortgage. The Trustee took over the case when it was transferred here by order of this Court.

advisement. The motion is now in order for decision.

## II. APPLICATION OF LIS PENDENS STATUTE

At early common law a judgment in a lawsuit could bind only the actual parties to the suit and those in privity with them, but in cases concerning title to real property, it was necessary to notify potential real estate buyers of the pending litigation. *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1319 (3d Cir.1982). The common law doctrine of lis pendens stipulated that the filing of the lawsuit itself served as constructive notice that the property was the subject of litigation, and any buyer of the property would take title subject to the outcome of the litigation, even if he or she had no actual notice. *Id.; Picerne v. Redd*, 72 R.I. 4, 11, 47 A.2d 906, 910 (1946). State legislatures subsequently enacted lis pendens statutes to require parties claiming an interest in real property to file a notice of the pending litigation in the land records for that property. This provided buyers with the means of obtaining actual notice of the pending lawsuit, thereby alleviating the harsh rule of the common law doctrine. *Campbell v. Metcalf*, 20 R.I. 352, 353, 39 A. 190 (1898). A bona fide purchaser of real property, with or without actual notice, would be bound by the outcome of the litigation only if the plaintiff had filed a notice of lis pendens. *Chrysler Corp.*, 670 F.2d at 1320; *Debral Realty, Inc. v. DiChiara*, 383 Mass. 559, 560–61, 420 N.E.2d 343, 345 (1981).

Section 9–4–9, the Rhode Island lis pendens statute, provides in pertinent part that a notice of lis pendens may be filed in an action "concerning the title to any real estate, in this state, or to any interest or easement therein." A plaintiff may not file a notice of lis pendens in a suit for monetary relief in order to obtain the benefit of an equitable attachment. *Picerne*, 72 R.I. at 15, 47 A.2d at 912.

Defendants argue that the notices of lis pendens have been improperly filed in this case because the Trustee has presented no claim concerning an interest in real estate. They assert that the Trustee has obtained the equivalent of an ex parte prejudgment attachment as security for Columbus Mortgage's claims against defendants. The Trustee counters that defendants' use of the unsecured funds from Columbus Mortgage entitles the Trustee to enforce an equitable lien on the land, sufficient to support the filing of a notice of lis pendens.[2]

### A.

The first question for the Court is whether an equitable lien falls within the scope of the lis pendens statute.

An equitable lien is a special form of constructive trust. *Coventry Homes, Inc. v. Scottscom Partnership*, 155 Ariz. 215, 218, 745 P.2d 962, 965 (Ct.App.1987). It is based upon the great maxim, "equity regards as done that which ought to have been done." *Finkelstein v. Finkelstein*, 502 A.2d 350, 354 (R.I.1985). In a constructive trust situation, a court imposes an in personam obligation on one party to convey real estate to the other party in order to prevent unjust enrichment. *Matarese v. Calise*, 111 R.I. 551, 562, 305 A.2d 112, 119 (1973). An equitable lien, however, is a proceeding against the property itself to enforce an equitable interest in the property. *Coventry Homes*, 155 Ariz. at 218, 745 P.2d at 965. Where a defendant has used the funds of a plaintiff to purchase new property, the plaintiff may have the option of enforcing either a constructive trust *of the property* or an equitable lien *against the property*. *Restatement of Restitution* § 161 cmt. a (1936); *accord In re Lela & Co.*, 551 F.2d 399, 406–07 (D.C.Cir.1977); *Middlebrooks v. Lonas*, 246 Ga. 720, 272 S.E.2d 687, 689 (1980). Where the funds have been used to improve property already owned by the defendant, the plaintiff would be entitled to enforce only an eq-

---

**2.** While the Trustee has phrased his request in terms of an "equitable mortgage" (a phrase that the Court has used in the past), the Court shall use the broader term "equitable lien" in this opinion.

uitable lien. *Restatement of Restitution* § 206.

Other jurisdictions have determined that a cause of action to impose an equitable lien is an action concerning title to or an interest in real property, sufficient to support the filing of a notice of lis pendens. In *Coventry Homes, supra,* the plaintiff had brought suit for anticipatory breach of a personal services contract and filed a notice of lis pendens against the defendant's property as security for his claim. 155 Ariz. at 216, 745 P.2d at 963. The Court stated that a valid cause of action to impose an equitable lien was an action affecting title to property that would support the filing of a notice of lis pendens. *Id.* at 218, 745 P.2d at 965. The Court found, however, that the plaintiff had no right to impose an equitable lien because the contract was unrelated to an interest in the property. *Id.* at 218–19, 745 P.2d at 965–66.

In *Busch v. Doyle,* 141 B.R. 432 (D.Utah 1992), the plaintiff sought damages and a constructive trust for breach of an oral employment contract, and filed a notice of lis pendens on defendant's property. *Id.* at 436. The Court found that the lis pendens was unjustified because the cause of action was a suit for money damages and did not affect title to land. *Id.* at 436. The Court noted that the plaintiff, while seeking to impose a constructive trust, had failed to allege an equitable lien in the complaint, thereby suggesting that if plaintiff had made a valid claim for an equitable lien, the lis pendens might have been upheld. *Id.*

In *Burger v. Superior Court,* 151 Cal. App.3d 1013, 199 Cal.Rptr. 227 (1984), plaintiff filed a notice of lis pendens on defendant's property, asserting imposition of a constructive trust because plaintiff's funds had been used to improve the property. *Id.* at 1016, 199 Cal.Rptr. at 229. The Court found that the value of the improvements was far less than the value of the land, and that plaintiff was actually seeking money damages, which would not justify a notice of lis pendens. *Id.* at 1018–19, 199 Cal.Rptr. at 230–31. The Court added that enforcement of an equitable lien might

be an alternative ground on which to base the notice of lis pendens. *Id.*

At least two courts have found that an action to impose a *constructive trust* is an action affecting title to or right of possession of real property, sufficient to support a notice of lis pendens. *Coppinger v. Superior Court,* 134 Cal.App.3d 883, 891, 185 Cal.Rptr. 24, 29 (1982); *Polk v. Schwartz,* 166 N.J.Super. 292, 298, 399 A.2d 1001, 1004 (App.Div.1979). The Rhode Island Supreme Court, however, has never decided that precise point.

In *Matarese, supra,* the Rhode Island Supreme Court stated that a constructive trust did not create an equitable interest in land. 111 R.I. at 562, 305 A.2d at 118–19. This case is distinguishable because the plaintiff in *Matarese* sought merely to remedy breach of a fiduciary duty, not to assert an interest in the defendant's land. *Id.* Furthermore, the land in question was located in Italy, outside the jurisdiction of the Rhode Island lis pendens statute. The plaintiff's only remedy, therefore, was to impose a constructive trust on the land, requiring the defendant to convey it in accordance with his agency agreement. *Id.*

■ This Court concludes that when the Rhode Island Supreme Court faces the issue, it will decide that a cause of action to enforce an equitable lien is an action affecting title to or an interest in real property, sufficient to support the filing of a notice of lis pendens.

### B.

The next issue is whether the facts in this case adequately support a request for an equitable lien.

The Court must determine from the allegations in the complaint, taken as true, whether the Trustee has asserted a claim concerning title to or an interest in real property. *American Motor Club, Inc. v. Neu (In re American Motor Club, Inc.),* 109 B.R. 595, 598 (Bankr.E.D.N.Y.1990); *Sutherland v. Aolean Dev. Corp.,* 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). The Trustee need not establish that Columbus Mortgage will ultimately succeed on

the merits. *American Motor Club*, 109 B.R. at 598; *Coppinger*, 134 Cal.App.3d at 888, 185 Cal.Rptr. at 27. Furthermore, Muratore's absolute control over the businesses and his commingling of their assets complicates the tracing of the funds at this stage of the proceedings. Accordingly, the parties may address the actual tracing of the funds at a later time. *See American Motor Club*, 109 B.R. at 599.

■ The Trustee asserts that Columbus Mortgage is entitled to an equitable lien on defendants' real property because the funds transferred from Columbus Mortgage were used to purchase and maintain the property in question. In his complaint the Trustee alleges that over two million dollars of Columbus Mortgage's funds were used to acquire, maintain, and improve defendants' property. Some of the property was sold, but the proceeds were not used to repay the funds taken from Columbus Mortgage.

This is a classic case for the imposition of an equitable lien on the real estate owned by Muratore and his entities. The maxim that equity regards as done that which should have been done is applicable here. When Muratore "borrowed" money from Columbus Mortgage to purchase or improve defendants' properties, he should have executed a mortgage in favor of Columbus Mortgage. Therefore, Columbus Mortgage now has an equitable lien on those premises.

The decisions from other jurisdictions support this proposition. In a factually similar case, *In re Lela, supra,* the petitioners' investments in several partnerships were fraudulently diverted to pay the mortgages on two pieces of real estate owned by a separate corporation. 551 F.2d at 402. The corporation subsequently became insolvent, and the petitioners sought to file a petition for involuntary reorganization of the corporation. *Id.* The District Court determined that the petitioners were ineligible to file such a petition on the ground that they were not secured creditors. *Id.* Reversing the lower court, the Circuit Court concluded that the wrongful diversion of the funds had created a construc-tive trust of corporate property on behalf of the petitioners. *Id.* at 406. Furthermore, the petitioners held an equitable interest against the property that permitted them the option of "trac[ing]" the path of their money to the property acquired and impos[ing] a lien upon it as a security for their claims" against the corporation. *Id.* at 407; *accord Sherman v. Rhode Island Hosp. Trust Co.*, 68 R.I. 525, 533, 30 A.2d 498, 502 (1943) (equitable lien imposed where husband misappropriated funds from mother to pay mortgage on property).

■ The Trustee also asserts an equitable interest in the real estate on the basis of two counts of the complaint that allege breaches of contracts to transfer land. Count IV alleges a breach of Muratore's agreement to transfer all the assets of the affiliated entities to Columbus Mortgage in repayment for the unsecured loans. The Trustee claims that no such assets were transferred. Count VI alleges a breach of Muratore's agreement to convey additional real estate if the transferred property amounted to less than two million dollars. The fair market value of the property was assessed at less than two million dollars, but the Trustee claims that no additional assets were transferred.

■ A cause of action to enforce an executory contract for a conveyance of real estate asserts an interest in land sufficient to support a notice of lis pendens. *George v. Oakhurst Realty, Inc.*, 414 A.2d 471, 473 (R.I.1980). Whereas the contracts allegedly breached in this case are less formal than a purchase-and-sale agreement, the Court opines that the Trustee has alleged facts that, if proven to be true, would entitle Columbus Mortgage to assert an equitable interest in the real estate.

■ The Trustee has also alleged breaches of fiduciary duty by Muratore in his dealings with Columbus Mortgage. There is evidence that Muratore routinely applied loan repayments first to principal, rather than to interest. The Trustee requests, therefore, that a constructive trust be imposed on the assets transferred from Columbus Mortgage to defendants and on

any assets obtained with the transferred funds. As discussed above, a party seeking to impose a constructive trust on a wrongdoer may have the option of asserting a claim for an equitable lien against the property itself. Accordingly, this Court determines that the Trustee has alleged sufficient facts to claim an equitable lien on the thirty-nine parcels of land.

## III. CONSTITUTIONALITY OF LIS PENDENS STATUTE

■ Defendants also assert that the Rhode Island lis pendens statute is unconstitutional because it violates the due process clauses of the United States and Rhode Island Constitutions. Procedural due process is necessitated only where there is a taking of a protected interest and sufficient state involvement to invoke due process guarantees. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548 (1972); *Chrysler Corp.*, 670 F.2d at 1321. The Rhode Island lis pendens procedure meets neither prerequisite.

■ First, there has been no significant taking of property. Whereas the filing of a notice of lis pendens may cloud title and complicate alienation of the property, it does not amount to a taking nor to an interference with alienation. In *George, supra*, the Rhode Island Supreme Court stated:

> We have long rejected the proposition that a notice of lis pendens is the equivalent of an attachment. Lis pendens is fundamentally different from prejudgment garnishment, attachment, or replevin. Those actions are confiscatory and therefore improper without prior notice and opportunity to be heard. Lis pendens instead is not a lien but merely puts all prospective purchasers on notice that there is a suit pending involving an issue of title to the real property. We therefore find that due process of law does not mandate notice and opportunity to be heard before the filing of a notice of lis pendens under G.L.1956 (1969 Reenactment) § 9-4-9.

414 A.2d at 474 (citations omitted); *accord American Motor Club*, 109 B.R. at 597 (notice of pendency does not prevent sale nor create lien on property).

■ The primary purpose of the notice of lis pendens is, as its name suggests, to give notice to potential buyers of a pending lawsuit concerning real property. The party in possession is free to use and enjoy the property on which the notice of lis pendens is filed. Furthermore, he or she may alienate the property if a willing buyer can be found. *Accord Batey v. Digirolamo*, 418 F.Supp. 695, 697 (D.Haw.1976); *Empfield v. Superior Court*, 33 Cal.App.3d 105, 108, 108 Cal.Rptr. 375, 377 (1973); *Debral Realty*, 383 Mass. at 565, 420 N.E.2d at 347–48; *cf. Spielman–Fond, Inc. v. Hanson's, Inc.*, 379 F.Supp. 997, 999 (D.Ariz.1973) (filing of mechanics' or materialmen's lien does not amount to taking), *aff'd*, 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974).

■ Second, the extent of the State's involvement in the filing of a notice of lis pendens is minimal. Unlike an attachment or seizure procedure, where a state agent takes actual possession of the property, the filing of a notice of lis pendens requires only a superficial, ministerial involvement by the state. *Chrysler Corp.*, 670 F.2d at 1327; *Debral Realty*, 383 Mass. at 565–66, 420 N.E.2d at 348. The true purpose of the statute is to provide notice to potential buyers of a disputed interest in the land, not to dispossess a defendant of land. Although the filing of a notice of lis pendens may impair the marketability of real property to some degree, "the countervailing interest of the state in an orderly recording and notice system for transactions in real property makes imperative notice to buyers of property of the pending cause of action concerning that property." *Empfield*, 33 Cal.App.3d at 108, 108 Cal.Rptr. at 377.

The defendants contend that the Rhode Island Supreme Court is poised to declare the Rhode Island lis pendens statute unconstitutional. They point to the case of *De-Leo v. Anthony A. Nunes, Inc.*, 546 A.2d 1344 (R.I.1988), *cert. denied and appeal dismissed*, 489 U.S. 1074, 109 S.Ct. 1522, 103 L.Ed.2d 828 (1989), in support of this

claim. In *DeLeo* the plaintiff had filed a notice of lis pendens in order to impede development of the land, not to give notice of a legitimate interest in the property. *Id.* at 1347. The Court stated:

> the filing of a lis pendens can become a pernicious practice that has the same effect as attaching one's property without the benefit of a court hearing.... [A]ny property "encumbered" by a lis pendens is "unmarketable" because the property would never be sold so long as the lis pendens remained in effect. Filing such a document without a colorable claim is done at the filer's peril.

*Id.* at 1347–48. The Court in *DeLeo* was concerned with the malicious filing of a notice of lis pendens "without a colorable claim." *Id.* This is clearly inapposite to the present situation, where there has been no abuse of the lis pendens procedure. Furthermore, the holding of *DeLeo* signifies that an abuse of the lis pendens procedure may make a plaintiff liable for slander of title, abuse of process, and malicious use of process. *Id.* at 1346. This holding does not portend that the Rhode Island Supreme Court is poised to invalidate the lis pendens statute itself as unconstitutional.

Defendants also rely upon the case of *Kukanskis v. Griffith*, 180 Conn. 501, 430 A.2d 21 (1980), in which the Supreme Court of Connecticut declared the Connecticut lis pendens statute unconstitutional because it did not comport with the due process requirements of the United States and Connecticut Constitutions. 430 A.2d at 25. Although similar to § 9–4–9 in some respects, the Connecticut statute "fail[ed] to provide even the barest minimum of due process protection" because it contained no provision for a timely hearing, either before or after the filing of a notice of lis pendens, and no notice requirement. *Id.* The Connecticut Legislature subsequently amended the statute to provide for a post-filing hearing, and the amended statute's constitutionality was upheld in *Williams v. Bartlett*, 189 Conn. 471, 457 A.2d 290, *appeal dismissed*, 464 U.S. 801, 104 S.Ct. 46, 78 L.Ed.2d 67 (1983).

 The *Kukanskis* Court found that the effect of filing a notice of lis pendens interfered sufficiently with the alienability of real estate to require at least minimum due process safeguards. 430 A.2d at 25. Even if this Court were to agree that the filing of a notice of lis pendens constituted a taking with sufficient state involvement, the Rhode Island lis pendens procedure provides adequate constitutional safeguards. Section 9–4–9 specifies that a plaintiff shall give notice to all named parties within seven days after recording a notice of lis pendens, and a defendant may subsequently file a motion to quash an improperly filed lis pendens. That accords a defendant all the process that is due. There is no constitutional requirement that the landowner be given a hearing *before* the notice of lis pendens is filed. *George*, 414 A.2d at 474.

## IV. CONCLUSION AND ORDER

Accordingly, defendants' motion to quash and remove the notice of lis pendens is hereby denied.

It is so ordered.