NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUAN SALVADOR ESQUER ACEDO, et al., *Plaintiffs/Appellants*,

*v.*

GEORGE B. MANNION, *Defendant/Appellee*.

No. 1 CA-CV 20-0017

FILED 10-27-2020

Appeal from the Superior Court in Maricopa County
No. CV2015-013980
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Dominguez Law Firm, P.C., Phoenix
By Antonio Dominguez, Lisa Montes
*Counsel for Plaintiffs/Appellants*

Fidelity National Law Group, Phoenix
By Nathaniel B. Rose, Jamey A. Thompson
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

**¶1**        This case addresses the validity of a recorded lis pendens on a Condominium with disputed ownership.  Juan Salvador Esquer Acedo and his wife Alma Laura Valenzuela Ubiarco (collectively, "Esquer") appeal from the summary judgment against them.  The court found Esquer never had an ownership interest in the Condominium and did not have a valid constructive trust claim.  The court subsequently denied Esquer's motion for a new trial.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        George B. Mannion purchased the Condominium from MWM 3G, PLLC ("MWM") in September 2017 for $433,900.  MWM had purchased the Condominium at a trustee's sale a month earlier.  The court previously denied Esquer's request for an injunction on the trustee's sale because Esquer never personally held title to the Condominium.

**¶3**        Esquer used the Condominium for approximately two years, made improvements to it, and had vehicles there.  The ownership before the 2017 trustee's sale is a "maze" of transfers.  Title reports were done in December 2015 and January 2016 for property transfers.  The second report should have captured the then-recorded lis pendens, but someone missed it.[1]  After Mannion purchased the Condominium in 2017, Esquer filed a third-amended complaint adding Mannion as a defendant and filed an additional lis pendens.

**¶4**        The court ruled that Esquer's lis pendens was invalid and granted summary judgment on quiet title in favor of Mannion.  The court entered a judgment pursuant to Arizona Rule of Civil Procedure ("Rule")

---

[1]      As to Mannion, we treat the first and second lis pendes as one because they have the same legal effect.

54(b)[2] and denied Esquer's motion for a new trial. Esquer immediately filed a notice of appeal. Esquer's claims for money damages against other defendants are currently set for trial. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(a).

## DISCUSSION

**¶5** Summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and there is no genuine dispute as to any material fact. *S & S Paving & Constr., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016); Ariz. R. Civ. P. 56(a). We review questions of law de novo but review the facts in a light most favorable to Esquer. *See Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 191 (App. 1994).

I.      The Role of a Lis Pendens

**¶6** The recording of a notice of a lis pendens is authorized by A.R.S. § 12-1191, and that recording gives notice to the world of the pendency of an action "affecting title to real property." A.R.S. § 12-1191(A). A lis pendens provides constructive notice to a purchaser or encumbrancer of the property. A.R.S. § 12-1191(B). The mere filing of a lis pendens, however, does "not establish the validity of [the plaintiff's] claim." *BT Cap., LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 14 (2012). In determining whether a lis pendens was recorded wrongfully, the court considers only "whether the 'action is one affecting title to real property.'" *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395, ¶ 11 (App. 2008) (citations omitted).

II.     Esquer's Claim Is Groundless

**¶7** A property right incident to title only exists if such a judgment would expand, restrict, or burden a new owner's rights under the title. *See Hatch Cos. Contracting, Inc. v. Ariz. Bank*, 170 Ariz. 553, 558 (App. 1991) (equating "rights incident to title" with a "connection . . . with rights in real property"). A lis pendens is groundless when the claim to title "has no arguable basis or is not supported by any credible evidence." *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991). Esquer's claim is groundless for two primary reasons.

---

[2]      The Rule 54(b) language is sufficient to pursue the appeal, because the removal of Mannion did not affect the balance of Esquer's claims.

**¶8**        First, Esquer's best claim to an interest in the Condominium is his alleged membership in an entity that was a beneficiary of a trust holding the title. That alleged membership would not support a claim to title by Esquer. *See Corp. Comm'n v. Consol. Stage Co.*, 63 Ariz. 257, 259 (1945) ("By the very nature of a corporation the corporate property is vested in the corporation itself and not in the stockholders."). Second, a trustee's sale extinguishes a lis pendens. *See* A.R.S. § 33-811(C), (E) ("That conveyance shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust."); *BT Capital*, 229 Ariz. at 301, ¶¶ 10-12. Here, the Condominium was sold twice after the court refused Esquer an injunction of the trustee's sale. Therefore, the lis pendens was extinguished.

III.        Esquer Does Not Have a Valid Constructive Trust Because a Remedy at Law is Available

**¶9**        Neither A.R.S. § 12-1191 nor A.R.S. § 33-420 allows parties to record a notice of lis pendens to recover a debt merely by alleging the action was seeking a constructive trust or equitable lien. *Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 218 (App. 1987). "There must be some basis for concluding that an equitable lien or constructive trust would be imposed on the real property subject to the notice of lis pendens." *Id.*

**¶10**        A constructive trust is improper when another adequate remedy at law is available to the harmed party. *ML Servicing Co. v. Coles*, 235 Ariz. 562, 569, ¶ 24 (App. 2014). Esquer has no valid claim for a constructive trust or equitable lien. However, even if the facts had supported his claim of title to the Condominium, Esquer had a remedy at law—money damages against the other defendants. And Esquer is still litigating issues of fraud and breach of fiduciary duty against several other defendants.

**¶11**        Because Mannion's use of the Condominium would not be affected by a judgment against the other defendants, Esquer's lis pendens was improper and void. *See Santa Fe Ridge*, 219 Ariz. at 395-98, ¶¶ 11, 18, 22-23. Additionally, a constructive trust is an equitable remedy imposed when a plaintiff proves by clear and convincing evidence that a wrongful holding of property unjustly enriched the defendant at the plaintiff's expense. *Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 285-86 (1985); *Harmon v. Harmon*, 126 Ariz. 242, 244 (App. 1980). Mannion was not unjustly enriched as he paid $433,900 for the Condominium.

**¶12**		We viewed the evidence on Esquer's constructive trust claim in the light most favorable to Esquer. Nevertheless, the record on appeal supports Mannion's claim, and we find no error in the grant of summary judgment. *See Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006); Ariz. R. Civ. P. 56(a).[3] The court correctly determined that the lis pendens was improper and void because Esquer's claims did not affect title to the Condominium.

IV.	Motion for New Trial

**¶13**		The standard of review for denial of a motion for a new trial is abuse of discretion. *Suciu v. Amfac Distrib. Corp.*, 138 Ariz. 514, 520 (App. 1983). We defer to the court's factual findings unless clearly erroneous. *See Ahwatukee Custom Ests. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). We review the interpretation and application of statutes de novo. *Schwarz v. City of Glendale*, 190 Ariz. 508, 510 (App. 1997) (citation omitted). For the reasons stated above, denial of Esquer's motion for a new trial was not an abuse of discretion.

V.	Attorneys' Fees and Costs

**¶14**		Mannion does not make a claim for attorneys' fees, only for costs. Mannion is awarded his costs after compliance with Arizona Rule of Civil Appellate Procedure 21.

---

[3]	Esquer additionally argues on appeal that: (1) the court impermissibly granted summary judgment in favor of Mannion based on law of the case and findings from the earlier injunction hearing and (2) summary judgment should be reversed because a special warranty deed from the Arizotex Villa Trust to Virtuoso was allegedly forged. Mannion argues, and Esquer disputes, whether these claims were raised for the first time on appeal. Regardless, neither of Esquer's claims are meritorious. First, in ruling on the motion for summary judgment, the court independently made the same findings as the prior ruling denying Esquer an injunction. Second, his claim that the special warranty deed was forged is barred given there have been two separate new owners following the trustee sale. *See* A.R.S. § 33-811(C).

**CONCLUSION**

**¶15** For the above-stated reasons, the summary judgment against Esquer is affirmed. The Condominium is Mannion's real property, and there is no constructive trust on it. Mannion is awarded his costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA