ANNIE CAMPBELL *vs.* HENRY B. METCALF *et al.*

PROVIDENCE—JANUARY 12, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast. JJ.

The complainant in a suit in equity, whose application for a writ of attachment was not granted, caused to be recorded in the land records of the city of the respondents' residence a notice of the pendency and nature of the bill, coupled with a statement that any decree obtained therein would be levied on specified land of certain of the respondents : —

*Held*, that the proceeding was an attempt to get indirectly the benefit of the attachment sought ; that it was without warrant of law or justification, and a nullity.

The recording of the notice being incidental to the pending bill, and all the parties being represented, the court has jurisdiction to declare the notice a nullity without the necessity and expense of a separate suit therefor by the respondents.

The statute relating to pending suits is limited to proceedings in which title to real estate is involved as the subject of the suit, and was designed to modify the doctrine of *lis pendens* by providing a convenient method by which knowledge of such proceedings may be had.

BILL IN EQUITY for an accounting. Heard on motion to cancel and expunge a notice of the proceeding recorded in the land records of the respondents' place of residence.

MATTESON, C. J. This is a bill for an account, &c. After it was filed, and after the denial of the prayer for a preliminary injunction, the complainant filed a motion for a writ of attachment in which the damages were to be laid at $100,-000. An intimation was given complainant's counsel, by the justice to whom the motion was presented, that no writ, or at any rate for so large an amount, would be granted. The motion for the writ was not pressed, but shortly afterwards the complainant, by her counsel, caused to be recorded in the land records of Pawtucket a notice setting forth the

filing and nature of the bill, and that any decree which might be obtained in the case would be levied on certain specified lots of land belonging to certain of the defendants who were named in the notice, one of whom, Daniel McNiven, now moves that the record of the notice be cancelled and expunged.

The recording of the notice was an attempt to get indirectly the benefit of an attachment which the court had intimated would not be granted, at least to the extent which the complainant desired. We think that it was wholly without warrant of law or justification, and a nullity. Gen. Laws R. I. cap. 246, § 13, to which reference has been made in its support, is limited to proceedings, orders, decrees and judgments concerning title to real estate, *i. e.*, in which title to real estate is involved as the subject of the suit. It was designed to modify the doctrine of *lis pendens*, which in many instances might operate unjustly on the rights of persons having no actual knowledge of proceedings in courts affecting title to real estate, by charging them with constructive notice of such proceedings, and to provide a convenient method by which knowledge of such proceedings may be had. It was not intended to serve the purpose of an equitable attachment in a suit to recover money due on an accounting.

The point is taken that the court cannot grant relief by motion in this suit, but that the respondent must proceed by a bill for relief. We think, however, that as the recording of the notice was an incident of the present suit, and as all parties are before us, we have jurisdiction to declare the notice a nullity without putting the respondent to the necessity and expense of a separate suit.

An order may be entered declaring the notice illegal and of no effect, and providing for recording it by the complainant and at her expense.

*Claude J. Farnsworth, Richard Olney, Sigourney Butler and John T. Wheelwright,* for complainant.

*Hugh J. Carroll, William W. Blodgett, E. W. Blodgett and James A. Maynardier,* for respondents.