JOHN W. CHRISTIANSEN *et al. vs.* JOHANNA STUWE *et al.*

MARCH 15, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity seeking specific performance by Johanna Stuwe and Bernard Stuwe of a contract for the sale of real property and praying for injunctive and other relief against them and against the respondent Sidney Gluck.   In the superior court a decree *pro confesso*

against Bernard Stuwe was entered and the cause was heard, as to the other respondents, on bill, answers, replications and evidence. Thereupon a decree was entered granting all the relief prayed for by the complainants and the cause is before us on the single appeal of the respondent Sidney Gluck from this decree.

The following important facts appear in evidence. The respondent Bernard Stuwe was the record owner of Sea Gull Cottage at Oakland Beach, but the actual owner was his mother, Johanna Stuwe, who had received from her son a deed to the property in her own name as Josephine Schoop, which she had not recorded.

On August 22, 1936, the respondent Johanna Stuwe agreed to sell this property to the complainants; received from them a deposit of $75 on account of the purchase price thereof; and signed and delivered to them a written memorandum of the terms of sale. Among those terms appears the following: "Time mortgage (5 yrs.) to be arrange by Mrs. Josephine Stuve." This agreement was not recorded.

On August 26, the complainants wrote a letter to Johanna Stuwe calling her attention to the necessity of her arranging, as agreed, with the mortgagee for an extension of the mortgage for a five year period; informing her that "if he will not agree, the whole deal of course is off;" and requesting that she attend to this matter soon and notify them of his decision.

On September 4, without replying to this letter, and without seeing or arranging with the mortgagee as requested, Johanna Stuwe accepted a deposit from the respondent Sidney Gluck and signed another agreement to sell the same property to him. This was not recorded until September 10. However, another writing, dated September 4, purporting to be a somewhat similar agreement and to be signed by Bernard Stuwe was recorded September 8; but it turned out that this was not actually signed by him.

On September 9, the complainants, not having heard from Johanna Stuwe in reply to their letter but having themselves made satisfactory arrangements with the mortgagee in the meantime, paid to her another installment of $75 on account of the purchase price. She then signed and delivered to the complainants a formal and detailed contract to sell the property to them, which was referred to as "confirmatory" of the original agreement of August 22. This latter agreement was recorded September 12. At the time of its making, Johanna Stuwe did not mention any prior agreement or dealing with Sidney Gluck, and she had learned from the mortgagee that the complainants had seen him previously and had made a satisfactory arrangement concerning the period of holding his mortgage.

On September 21, as a result of a conference with Sidney Gluck and his attorneys, Johanna Stuwe sent to the complainants a letter purporting to rescind the complainants' contract on the strength of their letter of August 26th.

On October 9, the complainants made a tender of the balance due on the purchase price in accordance with their agreement of September 9. This was refused by the attorneys for Johanna Stuwe, because of an outstanding cloud upon the record title by virtue of the recorded agreements between Sidney Gluck and Johanna Stuwe and Bernard Stuwe.

There was also evidence tending to establish that, when the agreement of September 4 was entered between Johanna Stuwe and Sidney Gluck, he was personally notified of her original agreement of August 22 to sell the property to the complainants. There was other evidence tending to show that Johanna Stuwe had given similar notice to other members of the family of Sidney Gluck, who had lived with him in the cottage and who were interested in its purchase. The respondent Sidney Gluck however denied having personal knowledge of the prior agreement of Johanna Stuwe to sell the property to the complainants.

The trial justice found on the conflicting evidence that, when Johanna Stuwe agreed on September 4 to sell the property to Sidney Gluck, he had notice of her previous agreement of August 22 to sell the same property to the complainants. In accordance with our well-established rule, this finding must stand, unless it is clearly wrong.

We have examined the evidence and, in our opinion, there is ample to support a finding of such notice to Sidney Gluck. In that circumstance, the respondent Gluck's equity is not equal in all respects to that of the complainants. Even if it were equal in all other respects, it is a familiar principle that, between equal equities, the one which is prior in time will prevail in the absence of any other controlling incident. 2 Pomeroy's Equity Jurisprudence, (4th ed.) §§ 678, 718; 2 Tiffany on Real Property, (2nd ed.) § 566, (c); 21 C. J., page 209, § 210.

Applying such principle to the evidence and findings here, the complainants' equity came into existence on August 22, 1936, whereas that of the respondent did not arise in any event until September 4, 1936. The recording of Sidney Gluck's agreement with Johanna Stuwe two days before that of the complainants does not strengthen his position here, because he had notice all the time of the prior agreement of Johanna Stuwe with the complainants. Their equity, therefore, being at least equal in all other respects to that of the respondent Gluck, was also prior in point of time. Accordingly the finding of the trial justice is correct.

But the respondent argues that the trial justice was clearly wrong because the complainants have come into equity with unclean hands and because the agreement between Johanna Stuwe and the complainants was rescinded. There is no evidence in the record to support the first of these contentions. It is based upon matters happening after the entry of the decree in question and need not be considered.

As to the second of those contentions, the trial justice found that there was no rescission. We have examined the evidence and have come to the same conclusion. The letter

of the complainants to Johanna Stuwe dated August 26 cannot reasonably be considered as an unconditional offer to rescind, much less as an unconditional rescission. But considering it most favorably to the respondent Gluck, and assuming that it was a conditional offer as he contends, it required the performance by Johanna Stuwe of certain conditions, including her duty to get the mortgagee to extend the time of his mortgage, before it could become effective. But the undisputed evidence here shows that Johanna Stuwe did not perform any of the conditions therein contained.

Moreover, before any attempt was made by Johanna Stuwe to satisfy these conditions, without which there could be no rescission, the complainants had made satisfactory arrangements with the mortgagee; had notified Johanna Stuwe thereof and paid her a second payment on account of the purchase price; and had received from her a second signed agreement on September 9, confirmatory of the agreement of August 22.

Not until September 21, almost two weeks after this second agreement, did respondent Gluck and his attorneys persuade Johanna Stuwe to write the letter to the complainants, purporting to rescind the previous agreement of the complainants on the strength of their original letter of August 26. For obvious reasons this was plainly ineffective to wipe out the previous agreements of Johanna Stuwe with the complainants.

In our opinion, the trial justice was justified in finding that there was no rescission. In view of our approval of the findings of the trial justice, it becomes unnecessary to consider any of the other contentions presented by the respondent Gluck.

The appeal of respondent Sidney Gluck is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William H. Edwards, Ronald B. Smith, Edwards & Angell,* for complainants.

*Bellin, Levin & Alprin,* for respondent, Sidney Gluck.