KENT ESTATES, INC. *vs.* ELLEN J. MATTESON.

JANUARY 30, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a petition for a declaratory judgment under the uniform declaratory judgments act, G. L. 1956, chap. 30 of title 9. It prays that a decree be entered enjoining the respondent from asserting any claim of title to

certain real estate located in West Greenwich, removing any cloud on the petitioner's title by reason of such claim, and declaring that an alleged lis pendens filed by the respondent in the land records of West Greenwich to be null and void. After a hearing before a superior court justice, a decree was entered finding said alleged lis pendens to be null and void and denying the other prayers. The cause is before us on the respondent's appeal therefrom.

It is established by the record that Arthur Raymond Matteson owned certain real estate in West Greenwich when on August 11, 1954 he and respondent were married. Shortly thereafter respondent executed a power of attorney to her husband, which was recorded in the West Greenwich land evidence records on November 23, 1959 at 6:40 p.m., ten minutes before a warranty deed was recorded therein conveying the property in question from Arthur Raymond Matteson to Kent Estates, Inc. The dower interest of Ellen J. Matteson was released in said deed by Arthur Raymond Matteson, her attorney in fact, pursuant to the power of attorney.

On December 2, 1959, respondent consulted an attorney who drafted a revocation of said power, which she thereupon filed with the land evidence records of West Greenwich.

Thereafter, namely on December 28, 1959, respondent filed in said office a paper designated by her as a "Lis Pendens" purporting to give notice to the world that she intended to commence litigation to set aside the deed in question. Thereupon petitioner brought the instant proceedings praying for the relief heretofore set forth.

Upon the filing of the petition a citation was issued dated January 21, 1963 citing respondent to appear before the superior court for Providence county on January 29, 1963. By written stipulation of counsel the hearing date was changed to February 18, 1963 at Kent county. Counsel for respond-

ent filed a claim of jury trial pursuant to G. L. 1956, as amended, §9-30-9, alleging that the proceedings involved an issue of fact. No answer was filed, however.

At the hearing, the court ruled that there was no issue of fact involved which would warrant a jury trial and, further, limited the scope of the hearing to a determination of the validity of the alleged lis pendens.

The petitioner's counsel stated to the court that there was no litigation pending relative to the conveyance in question and respondent's counsel conceded such to be the case.

Notwithstanding the limited scope of the hearing and the agreement between the parties that no litigation had been commenced, respondent testified that she had been assured by her husband that the power of attorney would be destroyed and that she assumed it had been until she noted the transaction reported in the newspaper. She further testified that she attempted to find her husband for service of process upon him but was unsuccessful apparently for the reason that he was in Florida acquiring a domicile for the purpose of obtaining a divorce.

The trial justice's reason for finding the document filed by respondent null and void was that there was no litigation pending relative to the property in question. In accordance with this decision he ordered entry of the following decree:

> "1. That the alleged Lis Pendens executed by Ellen J. Matteson and recorded December 28, 1959, in Lis Pendens Book at page 21 of the Land Evidence Records of West Greenwich, Rhode Island, is null and void and of no effect.
>
> "2. That the other prayers of the petition are denied as not being the proper subject matter of a Petition for a Declaratory Judgment."

In support of her reasons of appeal, respondent raises three specific contentions. She first contends that the superior court justice erred in proceeding to hear the cause without the intervention of a jury as requested by her. She

misconceives the scope of the hearing. Limited as it was to the question of whether a proper lis pendens had been filed, the only question of fact which might have arisen was whether litigation involving the property to which the purported lis pendens attached was pending. She having conceded that no litigation had been commenced, no question of fact to be framed for a jury existed and the trial justice did not err in denying her demand for a trial by jury.

She next contends that since petitions for declaratory judgments follow the course of equity, it was error for the superior court justice to have proceeded to hear the petition without affording her an opportunity to prepare an answer to it pursuant to G. L. 1956, chapter 14 of title 9. The superior court justice pointedly observed that no answer was required by the terms of the statute.

Although the declaratory judgment statute does not specifically provide for the filing of pleas, the superior court amended its rules as of March 12, 1963 so as to set forth the procedure in such regard. This, however, was subsequent to the date of the instant hearing and the superior court justice was clearly correct. Moreover it was on respondent's initiative that the hearing was assigned to the day in question.

The respondent finally contends that the decision of the superior court justice in declaring the lis pendens to be a nullity was erroneous. The term "lis pendens" literally means litigation or suit pending, and no principle is more firmly established than that which limits the application of the lis pendens doctrine to actual litigation involving title to real property. See *Picerne* v. *Redd,* 72 R. I. 4. Indeed, even if this were not so, the document filed by the instant respondent would have no efficacy as to this petition, since the record discloses that it was filed almost one month after the conveyance from Matteson to the petitioner. *Sprague* v. *Stevens,* 37 R. I. 1.

None of the respondent's contentions has merit, and all of her reasons of appeal are denied.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*James F. Murphy,* for petitioner.

*Robert R. Afflick,* for respondent.