Anthony GEORGE et al.

v.

OAKHURST REALTY, INC. et al.

No. 78–212–Appeal.

Supreme Court of Rhode Island.

May 1, 1980.

Adolph N. Anderson, Jr., Providence, for plaintiffs.

Bruce A. Wolpert, John H. Hines, Jr., Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiffs, Anthony and Blanche George, husband and wife, from an order of the Superior Court granting the motion of Downing Associates, Inc. (Downing), to quash and remove a notice of lis pendens which had been filed by the plaintiffs pursuant to G.L. 1956 (1969 Reenactment) § 9-4-9 against real property that is situated in the town of Johnston, Rhode Island, and that at the time of the filing of the notice was recorded in that town's land-evidence records as belonging to Downing.

On November 2, 1977, plaintiffs filed a complaint in the Superior Court against Downing and a codefendant, Oakhurst Realty, Inc. (Oakhurst), requesting specific performance of a written agreement that plaintiffs, as vendees, had entered into with Oakhurst, as vender, in 1966 to convey certain unimproved land located in Johnston for the sum of $4,000. According to that agreement, a copy of which is appended to plaintiffs' complaint, the lot was to be conveyed to them as soon as the land was platted and so approved by the town of Johnston. In their complaint plaintiffs alleged that they had been and continue to stand ready, willing, and able to pay the sum specified in the purchase-and-sale agreement upon the conveyance of the land but that Oakhurst has refused to make the conveyance. The plaintiffs further alleged that on October 25, 1977, Oakhurst repudiated the agreement because on that date plaintiffs received from an attorney representing Oakhurst a letter requesting that they execute an accompanying release of the 1966 agreement in consideration of a check drawn to their order for the sum of $100 and enclosed with the letter and release. The plaintiffs stated in their complaint that they instead returned the check and the release without having executed the latter. In their complaint plaintiffs also alleged that Oakhurst had conveyed or intended to convey to Downing the land in question.

In conjunction with the filing of their complaint, plaintiffs filed in the town of Johnston's land-evidence records the notice of lis pendens at issue here. After filing an answer in which Downing admitted that Oakhurst had conveyed the disputed land to it, Downing filed its motion to quash and remove plaintiffs' notice of lis pendens. In that motion Downing argued that the notice was improperly filed against its property because plaintiffs' claim was based on an alleged purchase-and-sale agreement between plaintiffs and a third party, Oakhurst, who, moreover, at the time of the filing of the notice no longer had any inter-

est in the land.[1] Downing also asserted in its motion that between itself and plaintiffs there existed neither privity or contract nor any writing concerning the purchase and sale of the disputed land. Downing further asserted that the filing of the lis pendens violated its constitutional rights to due process of law because the filing against its property interest was made without any prior notice or opportunity to be heard.

■ Downing's motion came to be heard on May 22, 1978, and after hearing the arguments of counsel thereon and in consideration thereof the trial justice granted the motion and entered an order to that effect. Thereupon plaintiffs filed this appeal.[2]

## I

On appeal plaintiffs contend that they have a right to have the notice of lis pendens remain in full force and effect pending the resolution of their suit against Oakhurst and Downing. Downing argues, however, that because plaintiffs have asserted neither contractual nor equitable rights against it in respect to Downing's interest in the disputed land, plaintiffs do not have any claim or right to specific performance against Downing and therefore the application of lis pendens, which is limited to actual litigation involving title to real property, was improper as against its interest in the disputed land.

■ A careful reading of the record reveals, however, that Downing's contentions are not necessarily accurate. It is well established that an executory purchase-and-sale agreement vests in the vendee thereof equitable title to the land involved. *Jakober v. E. M. Loew's Capitol Theatre, Inc.*, 107 R.I. 104, 110, 265 A.2d 429, 433 (1970), and, further, that a third party who purchases such land with notice of the vendee's interest therein under a preexisting executory purchase-and-sale

agreement takes title subject to such interest, *Christiansen v. Stuwe*, 60 R.I. 238, 197 A. 876 (1938), and may in a proper case be directed to convey the land to the aggrieved vendee, *Potwin v. Tucker*, 126 Vt. 414, 234 A.2d 430 (1967). In their complaint plaintiffs have clearly made allegations that *prima facie* bring Downing within the purview of these principles. They have alleged the existence of a purchase-and-sale agreement under which they claim an interest in the disputed realty. They have further alleged that Downing had full knowledge of the existence of that agreement "for some months" prior to the date (November 2, 1977) that Downing specifies as the one on which it acquired title to the realty. Moreover, the record discloses that plaintiffs recorded the 1966 purchase-and-sale agreement in the town of Johnston's land-evidence records on January 30, 1974. Thus Downing may be chargeable with constructive notice of that agreement at the time it dealt with Oakhurst. See G.L.1956 (1969 Reenactment) § 34–13–2.

We therefore dismiss Downing's contention that the filing of the notice of lis pendens was improper because plaintiffs have neither a claim at law nor a claim in equity against Downing's interest in the disputed realty.

## II

Downing also argued before the trial justice who granted its motion that the notice of lis pendens should be quashed and removed because it was filed in contravention of Downing's constitutional rights to due process of law in that Downing was not given prior notice and opportunity to be heard. The plaintiffs argue that prior notice and opportunity to be heard is not required as a prerequisite to a filing of notice of lis pendens under § 9–4–9 because such "process" does not summarily deprive a property owner of the use of his property.

---

1. The record indicates that plaintiffs' notice of lis pendens was filed on November 2, 1977, at 1:47 p. m. In its motion to quash and remove that notice, however, Downing represented that the disputed land had been conveyed by Oakhurst to Downing at 9:52 a. m. on that same day.

2. An order vacating a notice of lis pendens has the requisite finality on a matter that is collateral to the main action so as to be immediately appealable within the provision of G.L. 1956 (1969 Reenactment) § 9–24–1, as amended by P.L. 1975, ch. 244, § 1. *Zito v. East Side Associates*, R.I., 381 A.2d 1364 (1978).

The term "lis pendens" literally means litigation or suit pending, *Kent Estates, Inc. v. Matteson*, 97 R.I. 230, 233, 197 A.2d 292, 294 (1964), and its effect has been summed up in these words:

> "that he who purchases property pending a suit in which the title to it is involved, takes it subject to the judgment or decree that may be passed in such suit against the person from whom he purchases." *Picerne v. Redd*, 72 R.I. 4, 11, 47 A.2d 906, 910 (1946) (*quoting Brightman v. Brightman*, 1 R.I. 112, 119 (1848)).

We have long rejected the proposition that a notice of lis pendens is the equivalent of an attachment. *See, e. g., Campbell v. Metcalf*, 20 R.I. 352, 39 A. 190 (1898). Lis pendens is fundamentally different from prejudgment garnishment, attachment, or replevin. Those actions are confiscatory and therefore improper without prior notice and opportunity to be heard. *See North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Lis pendens instead is not a lien but merely puts all prospective purchasers on notice that there is a suit pending involving an issue of title to the real property. We therefore find that due process of law does not mandate notice and opportunity to be heard before the filing of a notice of lis pendens under G.L. 1956 (1969 Reenactment) § 9-4-9.

For the reasons stated above we hold that the trial justice erred in granting Downing's motion to quash and remove the plaintiff's notice of lis pendens.

The plaintiff's appeal is sustained, the order appealed from is reversed, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.