[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Although the pleadings in this case do not point the way clearly to the matter before the Court for decision, it was submitted by counsel for decision on plaintiff's motion for leave to attach defendant's real estate and as to whether or not a lis pendens was improperly filed and so should be discharged.
The complaint, in Count I avers breach by the defendant of an agreement to sell certain real estate to plaintiff. The demand for judgment is for money damages only, for that breach. Count II avers the parties executed a commercial lease in connection with the same premises and that defendant violated the terms of that lease. The demand for judgment is first that defendant be directed to comply with the lease and second, that plaintiff be granted compensatory damages for certain losses in connection with the breach.
Defendant filed its answer, denying material averments of the complaint, and counterclaimed, in Count I, for damages for unpaid rent under the lease above referred to, in the event said lease was deemed valid. Count II avers that no specific performance of the purchase and sale agreement, or the so-called lease, is sought by plaintiff and that therefore the lis pendens theretofore filed was used merely to impede defendant's ability to market the property. Money damages are sought. Count III seeks money damages for plaintiff's tortious interference with defendant's ability to sell or lease all or a portion of the premises involved. Plaintiff filed his reply to the counterclaim.[1]
Plaintiff moved for leave to attach defendant's real estate and for summary judgment with respect to Count II of its counterclaim.
The motion for leave to attach is denied. While there apparently is a need for security for payment of damages should plaintiff prevail, the Court is unable to say from the several affidavits and other materials before it that there is a likelihood of recovery.
Re the defendant's motion for partial summary judgment, it is granted. Title to this real estate is not put in issue by the pleadings. Campbell v. Metcalf, 20 R.I. 352 holds squarely that the filing of a notice of lis pendens there was an attempt to get indirectly the benefit of an attachment. The Court held "it was wholly without warrant of law or justification, and a nullity", and ordered it declared illegal and of no effect. This Court orders the same.
Order to be presented re motion for leave to attach.
The clerk will enter judgment for plaintiff on Count II of the counterclaim. Form of judgment to be presented, and counsel will incorporate that part of R.C.P. 54(b) expressly directing entry, there being no just reason for delay.
[1] Although defendant's memorandum in support of its motion for summary judgment, and in opposition to the motion for leave to attach, notes that "no answer (sic) to the counterclaim has ever been filed", the reply in fact was filed March 14, 1990, nine days after the filing of the answer.