DECISION
Before this Court is an appeal from a decision of the Building Contractors' Registration Board of Rhode Island (hereinafter "Board") finding Alegria Construction, Inc. (hereinafter "ACI") guilty of breach of contract and dishonest or fraudulent conduct. Jurisdiction is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 42-35-15 (g).
Facts/Travel
On March 24, 1992, ACI and Thomas Sullivan and his future wife, Christine Ciliberto, (hereinafter "Sullivans") entered into a written purchase and sale agreement for the construction of a single family dwelling and the piece of real estate located at Lot 5 on Evie Drive, Warren, Rhode Island. At that time, the Sullivans paid ACI $6,100.00 as a down payment, and ACI agreed to construct a residential home for the Sullivans on said property. Section Four of the sales contract provided that the Sullivans would apply for a FHA mortgage within 7 days, which they did. If financing was unobtainable, section seven provided for the return of the Sullivans' deposit. Pursuant to section fifteen of the contract, ACI could retain the deposit only upon default by the Sullivans.
On March 26, 1992, the Sullivans applied for an FHA mortgage with Margaretten and Company, Inc. Mortgage Bankers. Margaretten informed the Sullivans that they would receive mortgage approval when the home was ninety percent completed and that Margaretten would not give verbal approvals for FHA loans. The Sullivans informed ACI of Margaretten's policy.
Throughout the Summer of 1992, ACI's Office Manager, Paula Martel, constantly informed the Sullivans that construction of their home would be imminent. After the Sullivans began questioning the delays, Ms. Martel responded that ACI was very busy and had to complete other homes before the Sullivans' residence could be built. The July 15, 1992 closing date passed without any construction of the Sullivans' home.
On or about September 30, 1992, the Sullivans learned that Margaretten withdrew the mortgage application when ACI informed Margaretten that the Sullivans were no longer interested in buying the property. The Sullivans, however, never told ACI that they no longer intended to purchase the property. Thereafter, the Sullivans on several occasions requested that ACI return their deposit. The $6,100.00 deposit was never refunded.
On November 20, 1992, the Sullivans filed a breach of contract claim against ACI with the Building Contractors' Registration Board. After a hearing on February 24, 1993, the hearing officer rendered a "Findings of Fact, Conclusion and Proposed Order" in favor of the Sullivans. The full Board heard ACI's Exceptions to the Proposed Order and Sullivans' Objections to the Exceptions on May 20, 1993. The Board affirmed the determination of the hearing officer by issuing a "Final Order" on June 30, 1993. This timely appeal followed.
Standard of Review
The review of a decision of the Board by this Court controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Board's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the Court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458.
The Board is an administrative agency whose duties and powers are derived from Title 5, Chapter 65 of the General Laws of Rhode Island. Pursuant to R.I.G.L. 1956 (1987 Reenactment) §5-65-11(1)(c), the Board found ACI guilty of breach of contract and ordered ACI to return the $6,100.00 deposit to the Sullivans. ACI argues that the Board's decision must be reversed since the Board lacked jurisdiction to hear the Sullivans' claim based on the language of the aforementioned statute. Specifically, ACI contends that § 5-65-11(1)(c) requires that a breach of contract claim be brought by the "owners of a structure," and that the Sullivans never became the owners of the structure.
Section 5-65-11 states in pertinent part that
 the board shall only accept and make determinations of the following types of claims for damages against contractors registered under this chapter . . .
 (1) claims against a contractor by the owner of a structure for the following in performing any work subject to this chapter:
 . . .
 (c) Breach of contract. (emphasis added)
While the General Laws fail to define "owner of a structure," the Board in its Administrative Regulations ConstructionStandards, BCRB-1-90 § 2.1(20) defines the owner as "a person . . . who has a structure built by or who purchases a structure from a builder or developer, . . . and who owns that structure . . . as a personal residence . . ." Additionally, BCRB-1-90 § 4.1(2) identifies the claim types cognizable by the Board as including a claim filed by a "Homeowner — for breach of contract." "Homeowner" is neither defined in the General Laws nor the Administrative Regulations Construction Standards.
This Court's determination of whether the Sullivans are the "owners of a structure" is guided by the law of statutory construction. When dealing with statutory interpretation, our Supreme Court has stated that the court must effectuate and establish the intent of the Legislature. In Re Advisory Opinionto the Governor, 504 A.2d 456, 456 (R.I. 1984). An attempt must be made to "ascertain the legislative intention from a consideration of the legislation in its entirety, viewing the language used therein in the light, nature, and purpose of the enactment thereof." Id. at 459 (quoting City of Warwick v.Almac's, 442 A.2d 1265, 1273 (R.I. 1982)). Furthermore, when construing statutory definitions, "the court will ordinarily give strict meaning to those definitions. . . . However, [the court] will not construe a statute to achieve an absurd result." Statev. Delaurier, 488 A.2d 688, 693-694 (R.I. 1985).
In the instant matter, ACI argues that the definition of "owners of a structure" is clear and unambiguous. This definition, ACI contends, means that a structure must exist and that one holds legal title to said structure. This Court disagrees.
The purpose of the Contractors' Registration Act was to create a Board for the purpose of regulating and supervising Rhode Island contractors. § 5-65-1, et. seq. A careful reading of the enactment demonstrates the legislature's intent to establish an efficient and reliable forum in which aggrieved owners can seek retribution against contractors who are in breach. Furthermore, section 5-65-1, et. seq. was enacted to handle disputes exactly like the one at bar.
Although the Sullivans do not have legal title to the property, they do hold equitable title. Under Rhode Island law, after there has been a purchase and sale agreement, equitable title to the land vests in the buyers, here the Sullivans. Grantv. Briskin, 603 A.2d 324, 328 (R.I. 1992); George v. OakhurstRealty, Inc., 414 A.2d 471, 473 (R.I. 1980). Once the Purchase and Sale Agreement was entered into on March 24, 1992, the Sullivans became the equitable owners of the property. To suggest that equitable owners, who are not specifically excluded from the statutory definition of owner, are precluded for enforcing their rights under § 5-65-11 is absurd and unjust, and would be in direct conflict with the legislative intent and contrary to the plain and clear meaning of the statute. As equitable owners, the Sullivans are "owners of the structure" under § 5-65-11. Accordingly, this Court finds that Board had jurisdiction pursuant to § 5-65-11 to hear the Sullivans' claim and to find ACI in breach of the contract.
Next, ACI contends that the Board's decision that ACI engaged in "Dishonest or Fraudulent Conduct Injurious to the Welfare of the Public" was arbitrary and capricious, thus warranting a reversal of that decision. Specifically, ACI argues that it is not guilty of "giving false, misleading or deceptive advertising" since they never advertised to the Sullivans. § 5-65-10(1)(D). While ACI's action may not amount to "advertising," ACI's deceptive actions do amount to "dishonest or fraudulent conduct."
Section 5-65-10(1)(c) states that
 The Board may revoke, suspend or refuse to issue, reinstate or reissue a certificate of registration if the board determines after notice and opportunity for hearing:
 . . .
 (c) That the . . . registrant has engaged in conduct as a contractor that is dishonest or fraudulent that the board finds injurious to the welfare of the public.
 "Dishonest or fraudulent conduct injurious to the welfare of the public" includes but is not limited to, the following:
 . . .
 (C) Accepting payment in advance of a contract or agreement and failing to perform work or provide services by the contract or agreement and failing to return the payment; or
 (D) Giving false, misleading or deceptive advertising whereby a reasonable person could be misled or injured. BCRB-1-90 § 2.1 (23) (C) (D). (emphasis added)
Advertising is "to advise, announce, apprise, command, give notice of, inform, make known, publish. To call a matter to the public attention by any means whatsoever." BLACK'S LAW DICTIONARY 54 (6th ed. 1990).
The Board's Final Order found ACI guilty of both § 2.1(23) (C) and 2.1(23) (D). Pursuant to those aforementioned sections, however, a contractor need only have violated (C) or (D) to be found guilty of dishonest or fraudulent conduct. As such, even though ACI's actions did not amount to advertising under the strict meaning of the word, ACI did act in a dishonest or fraudulent way by accepting payment in advance of work and then failing to repay it. Accordingly, the Board's decision was not arbitrary or capricious or an abuse of discretion.
Finally, both ACI and the Sullivans' request that attorney's fees be granted, respectively. First, ACI requests attorney's fees pursuant to the Equal Access to Justice Act, R.I.G.L. 1956 (1993 Reenactment) § 42-92-3. This request must be and is denied since ACI is not the "prevailing party" as required by § 42-92-3.
Next, the Sullivans seek attorney's fees pursuant to R.I.G.L. 1956 (1985 Reenactment) § 9-1-45 which states that
 The court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court (a) finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. (emphasis added)
Justiciable is defined as "a matter appropriate for court review. A controversy in which a present and fixed claim of right is asserted against one who has an interest in contesting it." BLACK'S LAW DICTIONARY 865 (6TH ed. 1990). Even though the evidence eventually proves to be legally deficient, a justiciable issue may still be present. UXB Sand Gravel, Inc. v. RosenfeldConcrete Corp., 641 A.2d 75 (R.I. 1994). Although ACI's argument that the Board lacked jurisdiction to hear the Sullivans' breach of contract claim was legally deficient, the meaning of the word "owner" is a justiciable issue. Accordingly, this Court denies the Sullivans' request for attorney's fees.
For all the foregoing reasons, this Court finds that the Board did have jurisdiction to hear the breach of contract claim under § 5-65-11. Furthermore, the Board's decision finding ACI guilty of "dishonest or fraudulent conduct" was not arbitrary and capricious. Accordingly, this Court must and does affirm the decision of the Board. Both ACI's and the Sullivans' request for attorney's fees are denied.
Counsel shall prepare the appropriate order for entry.