**Armand CORTELLESSO**

v.

**Peter ZANNI et al.**

v.

**Armand CORTELLESSO et al.**

**No. 96–143–Appeal.**

Supreme Court of Rhode Island.

June 2, 1997.

Louis V. Jackvony, Jr., Providence.

Gregory Hazian, Robert A. Mitson, Woonsocket.

## ORDER

This case came before the Supreme Court on May 9, 1997, pursuant to an order that directed all parties to show cause why the issues raised by this interlocutory appeal should not be summarily decided. The defendants and third-party plaintiffs Peter Zanni, Roma Construction Company, and Ace Development Corporation (defendants) have appealed a Superior Court order granting the motion of the plaintiff and third-party defendant Armand Cortellesso (plaintiff) to dissolve two notices of lis pendens recorded by the defendants.

After hearing the arguments of counsel and after reviewing the memoranda of the parties, this Court is of the opinion that cause has not been shown, and the appeal will be decided at this time.

On September 8, 1995, plaintiff filed a complaint in Superior Court for declaratory and injunctive relief seeking the discharge and release of a mortgage on property located in a residential subdivision in Johnston, Rhode Island. The plaintiff had purchased the property from defendants and built residential homes on it. The Superior Court ruled that plaintiff was entitled to have the mortgage released and discharged, and defendants have not challenged this ruling. On October 2, 1995, however, defendants filed a counterclaim and third-party complaint against plaintiff, his wife Linda Jackvony Cortellesso, and real estate agents Richard

Zompa and Cheryl DeMelo alleging violations of state and federal "Racketeer Influenced and Corrupt Organizations" (RICO) statutes, fraud, and criminal act and bribery liability. The complaint sought monetary damages and equitable relief, including contract rescission and imposition of a constructive trust on property owned by plaintiff in connection with the alleged racketeering activities. The defendants filed two notices of lis pendens on property owned by plaintiff. The plaintiff filed a motion to quash the lis pendens, and the Superior Court granted the motion.

The term "lis pendens" literally means litigation or suit pending. *George v. Oakhurst Realty, Inc.*, 414 A.2d 471, 474 (R.I.1980). The effect of a lis pendens is to place a prospective purchaser on notice that a suit is pending in which title to the property is involved. *Id.* One who purchases the property with notice of lis pendens takes the property subject to any judgment or decree that may be issued in the suit. *Id.*

We are of the opinion that defendants' third-party complaint does not raise a genuine dispute as to title and that the trial justice therefore correctly quashed the notices of lis pendens. If the defendants prevail on their claims, the appropriate remedy will be money damages. The trial justice determined, and we agree, that rescission of the contract of sale would not be equitable given the substantial changes in the parties' positions since entering into the contract. We further agree with the trial justice that, in effect, defendants were seeking a prejudgment attachment of real estate on claims sounding in tort. This Court has previously held that attachment is not available in tort cases involving a Rhode Island defendant. *Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 468–69 (R.I.1993). Finally, we note that the sale of plaintiff's property subsequent to removal of the lis pendens has in effect mooted the appeal.

Consequently, we deny and dismiss the appeal of the defendants and affirm the judgment of the Superior Court, to which we remand this case for further proceedings.