**NORTHERN RHODE ISLAND GOLF INVESTORS, INC.**

**v.**

**STEERE FARM ASSOCIATES, G.P., Joseph A. Donatelli, A. Edmund Donatelli, Marilyn Donatelli, J. Clark Donatelli, Richard Donatelli and Robert Donatelli.**

**No. 98–031–A.**

Supreme Court of Rhode Island.

Nov. 13, 1998.

Ira L.Schreiber, Cranston, Stephen M. Isherwood.

Anthony DeSisto, Providence.

## ORDER

The plaintiff, Northern Rhode Island Golf Investors, Inc. (hereinafter "NRIGI") appeals from an order granting the defendants' motion to disclose and remove a lis pendens from the land records office for the town of Burrillville. Following a prebriefing conference, this case was assigned to the full court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. We have carefully reviewed the record and the arguments made by the parties in their memoranda, and we proceed to decide this case at this time without further briefing and argument.

This case involves a dispute over a land deal that was never consummated. In April of 1993 NRIGI entered into an option purchase agreement with defendant Steere Farm Associates (hereinafter "Steere Farm") to purchase a parcel of land in Burrillville and to develop it as a golf course.

While the sale for the land was pending, Steere Farm gave authorization to NRIGI to secure all necessary permits and approvals required by NRIGI to build an 18–hole golf course. NRIGI has allegedly incurred substantial expenses to prepare the defendants' land for development as a golf course by

negotiating a consent agreement with the Department of Environmental Management and obtaining a physical alteration permit, an underground injection permit, an individual sewage disposal system, a zoning change, and several building permits. However, despite several extensions on the purchase and sale agreement, as of September 1, 1996, NRIGI was unable to secure financing needed to purchase the property. Steere Farm then began negotiating with a third party, North East Golf Investors, after the purchase and sale agreement with NRIGI was not extended and expired.

In January of 1997, plaintiff filed a civil action in the Superior Court alleging fraud and deceit, unjust enrichment, quantum meruit, breach of contract, breach of implied contract, and breach of constructive trust. Essentially, plaintiff in its action sought reimbursement for the cost of improvements made to the property, compensatory and punitive damages, and a restraining order enjoining the defendants from transferring the land to a third party. Plaintiff also filed a notice of lis pendens in the land records for the town of Burrillville. Plaintiff's requests for a restraining order and a preliminary injunction were denied. Following a further hearing in the Superior Court, a justice of that court granted a defendant's motion to remove and discharge the lis pendens previously filed. The removal of the lis pendens is the basis for this appeal.

The term "lis pendens" refers to the pendency of a suit. The effect of a lis pendens is to place a prospective purchaser on notice that a suit is pending in which title to the property is involved. *Cortellesso v. Zanni,* 694 A.2d 751, 752 (R.I.1997) (mem.) (citing *George v. Oakhurst Realty, Inc.,* 414 A.2d 471, 474 (R.I.1980)). However, when a complaint does not raise a genuine dispute as to title, a notice of lis pendens is not appropriate. *Id.* As in *Cortellesso,* the appropriate remedy in the case at bar is monetary damages, not a change in title. We believe that the trial justice's reliance on *Cortellesso* was sound, and we shall not disturb his ruling.

The plaintiff's complaint seeks money damages to compensate it for the money and time expended to prepare the land for development as a golf course and for the benefit conferred to defendants by way of improvements. The plaintiff alleges only that it has an interest in the permits that it has obtained, not an interest in, or title to, the land itself. Therefore, we conclude that the trial justice did not err in ordering the discharge and removal of the notice of lis pendens.

The plaintiff's appeal is denied and dismissed. The papers may be remanded to the Superior Court.