STURBRIDGE HOME BUILDERS,
INC., as nominee of Seaport
Home Builders, Inc.

v.

DOWNING SEAPORT, INC. et al.

No. 2004-378-Appeal.

Supreme Court of Rhode Island.

Feb. 17, 2006.

George E. Lieberman, Providence, for Plaintiff.

Christopher M. Mulhearn, Providence, for Defendant, Michael D'Ambra.

ORDER

The defendant, Michael D'Ambra, appeals from a Superior Court order discharging his notice of lis pendens as to certain real property located in the Town of Narragansett. For the reasons set forth herein, we affirm the Superior Court's discharge of the notice of lis pendens.

The function of a notice of lis pendens is "to place a prospective purchaser on notice that a suit is pending in which title to the property is involved." *Northern Rhode Island Golf Investors, Inc. v. Steere Farm Associates, G.P.,* 725 A.2d 890, 891 (R.I. 1998) (mem.); *see also Cortellesso v. Zanni,* 694 A.2d 751, 752 (R.I.1997) (mem.); *George v. Oakhurst Realty, Inc.,* 414 A.2d 471, 474 (R.I.1980).

It is well settled in this jurisdiction that the use of a notice of lis pendens is only appropriate when there is "a genuine dispute as to title" of the real property at issue. *Northern Rhode Island Golf Investors, Inc.,* 725 A.2d at 891 ("[W]hen a complaint does not raise a genuine dispute as to title, a notice of lis pendens is not

appropriate."); *Cortellesso,* 694 A.2d at 752.

In the present case, there is no "genuine dispute as to title" concerning the subject real estate. Mr. D'Ambra concedes that the real property which is the subject of this appeal is owned by Downing/Salt Pond Partners—a partnership between codefendants Richard Baccari and Charles White. Mr. D'Ambra does not argue that he holds title to the subject property or has any present interest in Downing/Salt Pond Partners. Instead, Mr. D'Ambra argues that, although Downing/Salt Pond Partners is the owner of record of the subject property, the "true owner-in-interest" of said property is a partnership that was allegedly formed between himself, Mr. Baccari, and Mr. White. Mr. D'Ambra contends that this partnership was a joint venture "with respect to the ownership, permitting, development, and sale of certain real property located in the Town of Narragansett" and that, under the partnership agreement, Mr. D'Ambra was to receive 50 percent of the proceeds realized from the sale of the subject property. Mr. D'Ambra further contends that he, Mr. Baccari, and Mr. White formed a corporation known as Downing Seaport, Inc., which was to become the owner of record of the subject property. Mr. D'Ambra admits, however, that an actual transfer of title to the property from Downing/Salt Pond Partners to Downing Seaport, Inc. has never occurred.

Mr. D'Ambra concedes that neither he nor the partnership of which he claims to be a partner holds record title to the real property that is the subject of this appeal. Because Mr. D'Ambra does not raise a genuine dispute as to title of the subject real estate, a notice of lis pendens is not permitted in this case. *See Northern Rhode Island Golf Investors, Inc.,* 725 A.2d at 891; *Cortellesso,* 694 A.2d at 752.

As was the case in *Cortellesso,* if Mr. D'Ambra's contentions about the alleged partnership between himself, Mr. Baccari, and Mr. White are found to be true and Mr. D'Ambra prevails on his claims, the appropriate remedy will be monetary damages—not a change in title. *See Cortellesso,* 694 A.2d at 752; *see also Northern Rhode Island Golf Investors, Inc.,* 725 A.2d at 891. Accordingly, we deny and dismiss Mr. D'Ambra's appeal and affirm the judgment of the Superior Court. We remand this case to the Superior Court for further proceedings.