**Supreme Court**
No. 2019-65-Appeal.
(WC 18-158)

Richard D. Toohey                 :

v.                      :

Dean C. DeMello as agent of Joan M.      :
  DeMello Trust Agreement and Deed.

**O R D E R**

The plaintiff, Richard D. Toohey, appeals *pro se* from an October 24, 2018 order of the Washington County Superior Court quashing a *lis pendens*[1] filed by Mr. Toohey with respect to real property located at 346 Vanderbilt Lane in Portsmouth, Rhode Island, and enjoining and restraining him from "taking any further action that may create a cloud on the title of 346 Vanderbilt Lane."[2] Mr. Toohey contends that he was not given adequate notice pursuant to Rule 6(c) of the Superior Court Rules of Civil Procedure that the motion seeking the quashing of the *lis pendens* would be heard on the date of the hearing at issue, October 12, 2018. He further contends that the hearing justice abused his discretion in quashing the *lis pendens* because, in Mr. Toohey's view, his lawsuit was "an action against the real property." He further alleges that the hearing

---

[1] "The term 'lis pendens' literally means litigation or suit pending[; it] * * * is not a lien but merely puts all prospective purchasers on notice that there is a suit pending involving an issue of title to the real property." *George v. Oakhurst Realty, Inc.*, 414 A.2d 471, 474 (R.I. 1980).

[2] We note that the October 24, 2018 order also denied Mr. Toohey's motion for a preliminary injunction. However, Mr. Toohey has not raised any issues as to that motion before this Court in his statement or his supplemental statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. Therefore, that issue is not before us. *See Terzian v. Lombardi*, 180 A.3d 555, 557 (R.I. 2018) ("We have consistently made it clear that, under our raise-or-waive rule, [e]ven when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand.") (internal quotation marks omitted).

justice's enjoining him from clouding the title to the property at issue "equates to a summary judgment without according [Mr. Toohey the] benefit of [his] right to answer."

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties and after a thorough review of the record, we are of the opinion that this appeal may be resolved without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Superior Court.

Mr. Toohey represented to the Superior Court at the October 12, 2018 hearing that his mother passed away on August 17, 2015 and that she had had five children. He stated that the trust at issue was executed by his mother, Joan M. DeMello, when she was 92 years old. He further stated that Dean DeMello, who is Mr. Toohey's half brother, is the sole beneficiary of the trust. In his Rule 12A statement, Mr. Toohey represented that the function of the trust was to hold the real property located at 346 Vanderbilt Lane. As such, Mr. Toohey has represented that he and his other siblings have been disinherited with respect to that property.

Mr. Toohey filed an initial action—WC-17-606—against Dean DeMello in his individual capacity, and he filed a notice of *lis pendens* with respect to the 346 Vanderbilt Lane property. Dean DeMello moved to quash that *lis pendens*. The hearing justice in that case granted Mr. DeMello's motion, stating that "nowhere" in Mr. Toohey's complaint was there "a suit or an allegation pertaining to title to this property * * *." That hearing justice went on to fault Mr. Toohey for bringing his action against Mr. DeMello individually and not in his capacity as trustee of the trust at issue. Mr. Toohey then filed the instant action against Mr. DeMello in his capacity as the agent of the trust and also, as Mr. Toohey points out, the agent of the deed. In the complaint in this case, he indicated that he was challenging the deed to the property at issue and was alleging

"tortious interference with an expected inheritance" and forgery; and he further indicated that he was raising issues as to his mother's mental competency. Mr. Toohey then filed a new notice of *lis pendens* with respect to the property at issue. It is the quashing of that *lis pendens*, which occurred at the close of the October 12, 2018 hearing, that we are presented with in this appeal. The hearing justice in this case, in quashing the *lis pendens*, stated that the Superior Court justice in the previous case had quashed an earlier *lis pendens* both on procedural grounds and due to the fact that neither the complaint nor the objection related to an allegation concerning title to the property. The hearing justice then proceeded to state: "That remains true in this case."

Mr. Toohey contends before this Court that he did not receive the proper ten days notice provided for in Rule 6(c) between the filing of the motion to quash the *lis pendens* and the hearing at which the hearing justice decided the issue. However, after a thorough review of the transcript of the October 12, 2018 hearing, it is clear to this Court that Mr. Toohey never brought to the attention of the hearing justice the issue of the timing of the motion or of his lack of preparedness to argue that motion on that day. He certainly never objected to the motion to quash the *lis pendens* being discussed and decided that day; indeed, he engaged in the discussion. As such, he has waived his argument with respect to the adequate notice issue on appeal. *See DeMarco v. Travelers Insurance Company*, 26 A.3d 585, 628 (R.I. 2011) ("[W]e do not consider issues on appeal which were not raised and properly presented during proceedings in the court below.").

With respect to the issue of quashing the *lis pendens*, we are in agreement with the hearing justice that Mr. Toohey has not, even in his complaint filed in this action, alleged a claim to title of the property at issue. Consequently, a *lis pendens* is not appropriate and was correctly quashed by the hearing justice. *See Northern Rhode Island Golf Investors, Inc. v. Steere Farm Associates, G.P.*, 725 A.2d 890, 891 (R.I. 1998) (mem.) ("[W]hen a complaint does not raise a genuine dispute

as to title, a notice of lis pendens is not appropriate[;] * * * the appropriate remedy in the case at bar is monetary damages, not a change in title."); *Cortellesso v. Zanni*, 694 A.2d 751, 752 (R.I. 1997) (mem.) ("We are of the opinion that defendants' third-party complaint does not raise a genuine dispute as to title and that the trial justice therefore correctly quashed the notices of lis pendens.").

We have considered the above-discussed issues as well as the several arguments made by Mr. Toohey in his submissions before the Court. We do not find any to be meritorious. Accordingly, in our opinion, the hearing justice did not err, and we affirm the October 24, 2018 order of the Superior Court.

Entered as an Order of this Court, this  29th  day of May, 2020.

By Order,

/s/

Clerk

- 4 -

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Richard D. Toohey v. Dean C. DeMello as agent of Joan M. DeMello Trust Agreement and Deed. | |
| **Case Number** | No. 2019-65-Appeal. (WC 18-158) | |
| **Date Order Filed** | May 29, 2020 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Stephen P. Nugent | |
| **Attorney(s) on Appeal** | For Plaintiff: Richard Toohey, Pro Se | |
| | For Defendant: Girard A. Galvin, Esq. | |